# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 21, 2022

Via ECF

The Honorable Margo K. Brodie,
    United States District Court for the Eastern District of New York,
      225 Cadman Plaza East,
        Brooklyn, NY  11201.

        Re:    *Patel* v. *Koninklijke Philips N.V. et al.*,
               <u>Case No. 1:21-cv-04606-MKB (E.D.N.Y.)</u>

Your Honor:

        We represent the Defendants in the above-captioned putative securities class action.  Pursuant to Rule 3.A of the Court's Individual Practices and Rules, I write to request a pre-motion conference in advance of Defendants' forthcoming motion to dismiss the Amended Complaint (Dkt. No. 16), should the Court wish to hold a pre-motion conference.  The Court has already entered an agreed briefing schedule for Defendants' motion to dismiss (Dkt. No. 14), with Defendants' motion due March 4, 2022, Plaintiffs' opposition due April 18, 2022, and Defendants' reply due May 18, 2022.

        Plaintiffs assert claims for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  Defendants are Koninklijke Philips N.V. ("KPNV"), a Dutch company headquartered in Amsterdam, The Netherlands; Frans van Houten, the Chief Executive Officer of KPNV; and Abhijit Bhattacharya, the Chief Financial Officer of KPNV.  The claims stem from a recall by non-party Philips RS North America LLC, an indirect wholly-owned subsidiary of KPNV headquartered in Pennsylvania.  In June 2021, Philips RS recalled certain devices it had manufactured for treating sleep apnea and other respiratory conditions.  The Amended Complaint alleges no role for KPNV or KPNV executives, including the Individual Defendants, in the design or manufacture of the devices.  Nonetheless, Plaintiffs contend that the Individual Defendants must have known "[b]y the end of 2015 at the latest" that the sound abatement foam contained in the Philips RS recalled devices would degrade, but nevertheless "promoted its products as safe."  (Dkt. No. 16 ¶¶ 5-9.)  According to the Amended Complaint, the recall and disclosures relating to the recall caused KPNV's stock price to decline, resulting in damages to the putative class of purchasers of "Philips securities" between February 23, 2016 and November 12, 2021.

        Because Plaintiffs' allegations are inadequate and cannot be cured, Defendants intend to move to dismiss the Amended Complaint pursuant to the Private

Hon. Margo K. Brodie                                                                    -2-

Securities Litigation Reform Act ("PSLRA") and Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, for at least the following reasons:

*1.        Plaintiffs do not plead particularized facts raising a "strong inference of fraudulent intent."*  To plead securities fraud under the PSLRA, Plaintiffs were required to plead "specific facts as to each defendant that (1) give rise to a strong inference that the defendant had both motive and opportunity to commit fraud or (2) provide strong circumstantial evidence of conscious misbehavior or recklessness." *Ganino* v. *Citizens Utils. Co.*, 228 F.3d 154, 168–69 (2d Cir. 2000).   Conscious recklessness is "a state of mind approximating actual intent, and not merely a heightened form of negligence."  *Novak* v. *Kasaks*, 216 F.3d 300, 311 (2d Cir. 2000).

Plaintiffs do not plead any cognizable theory of motive.  Nor do Plaintiffs allege particularized facts, as required by the PSLRA, showing that any of the Individual Defendants knew that any of their statements was false or misleading when made.  Plaintiffs' allegations of scienter instead rest almost entirely on an interim inspection report issued by the U.S. Food and Drug Administration in November 2021.  But by its terms, that report—which set forth  the FDA's interim conclusions, subject to further investigation and analysis—concerned the conduct of only *Philips RS*, not KPNV or any of the Individual Defendants, all of whom are senior executives of KPNV, not Philips RS.  And even if the FDA's interim report could be used to plead the scienter of anyone at *Philips RS* in Pennsylvania, the law bars the imputation of the knowledge of individuals employed by non-party Philips RS to KPNV in The Netherlands as a matter of law.  *See*, *e.g.*, *Valentini* v. *Citigroup*, 837 F. Supp. 2d 304, 317 (S.D.N.Y. 2011) (citing *Chill* v. *Gen. Elec. Co.*, 101 F.3d 263, 270-271 (2d Cir. 1996)) ("[T]he mere existence of a parent-subsidiary or affiliate relationship is not on its own sufficient to impute the scienter of the subsidiary to the parent or affiliate.").

*2.        Plaintiffs fail to allege a materially misleading statement.*  The overwhelming number of statements challenged in the Amended Complaint, such as "[o]ur products are market-leading, also in the area of quality and reliability and are highly appreciated by our customers" (Dkt. No. 16 ¶ 172), are "too generic to express any objective fact" and therefore inactionable puffery.  *See, e.g., In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 170 (2d Cir. 2021).  Plaintiffs must allege misstatements that are "sufficiently specific for an investor to reasonably rely on that statement as a guarantee of some concrete fact or outcome." *City of Pontiac Policemen's & Firemen's Ret. Sys.* v. *UBS AG*, 752 F.3d 173, 185 (2d Cir. 2014).  They have not done so.

Nor have Plaintiffs pled actionable omissions, let alone with the particularity required by the PSLRA and Rule 9(b).  Although Plaintiffs point to consumer complaints (directed to Philips RS, not KPNV) regarding degrading foam that were referenced in the FDA's report, Plaintiffs have no allegations that those complaints raised any associated health effects.   More critically, the Amended Complaint is devoid of

Hon. Margo K. Brodie                                                                        -3-

allegations establishing both the required "causal link" between the degrading foam and any such health effects and that the Individual Defendants were aware of such a link at the time of their alleged misrepresentations. *See*, *e.g.*, *In re Carter-Wallace Sec. Litig. (Carter-Wallace I)*, 150 F.3d 153, 157 (2d Cir. 1998) (requiring "statistically significant evidence" that deleterious health effects were caused by underlying defect and "sufficiently serious and frequent to affect future earnings"); *In re Elan Corp. Sec. Litig.*, 543 F. Supp. 2d 187, 212-13 (S.D.N.Y. 2008) ("Such risks did not become material until a causal link was established, and neither opinion and speculation as to the degree of such risk nor the existence of adverse event reports were in themselves material."); *Hou Liu* v. *Intercept Pharms.*, 2020 WL 1489831, at *7 (S.D.N.Y. Mar. 26, 2020) (no duty of disclosure unless the defendant has a "scientifically reliable basis for inferring a potential causal link between the [drug or device] and the adverse event").

**3.    This Court should dismiss the claims of foreign purchasers of KPNV stock.**  The Second Circuit has squarely held that the U.S. Supreme Court's ruling in *Morrison* v. *Nat'l Australia Bank*, 561 U.S. 247 (2010), "does not support the application of § 10(b) of the Exchange Act to claims by a foreign purchaser of foreign-issued shares on a foreign exchange simply because those shares are also listed on a domestic exchange." *City of Pontiac*, 752 F.3d at 181.  To the extent Plaintiffs seek to bring claims on behalf of foreign purchasers of KPNV stock, those claims should be dismissed under *Morrison*.

**4.    The derivative Section 20(a) claims against the Individual Defendants also fail.**  Because Plaintiffs have not sufficiently pleaded a primary violation of Section 10(b), their Section 20(a) "control person" claim against the Individual Defendants also should be dismissed.  *See Boguslavsky* v. *Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) ("[T]o establish a *prima facie* case of liability under § 20(a), a plaintiff must show . . . a primary violation by a controlled person.").

*    *    *

We are available at the Court's convenience for a pre-motion conference, if the Court would like to hold one.  As noted above, under the agreed schedule previously ordered by the Court, Defendants' motion to dismiss is due March 4, 2022.

Sincerely,

*/s/ Sharon L. Nelles*

Sharon L. Nelles

cc:    All Counsel of Record (via ECF)