

**Jeremy A. Lieberman**
Managing Partner

February 28, 2022

**VIA ECF**

The Honorable Margo K. Brodie
Chief District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, N.Y. 11201

Re:   *Patel v. Koninklijke Philips N.V. et al.*, No. 21 Civ. 4606 (MKB) (E.D.N.Y.).

Dear Judge Brodie:

We represent Lead Plaintiff Richard Sun and Plaintiff Subhash Patel ("Plaintiffs") in the above-referenced securities class action. We write pursuant to Rule 3.A of the Court's Individual Practices and Rules in response to Defendants' letter dated February 21, 2022 requesting a pre-motion conference in advance of Defendants' anticipated motion to dismiss. (ECF No. 18) ("Defendants' Letter" or "Defs.' Letter"). Contrary to Defendants' assertions, the Amended Complaint pleads actionable claims.

**1.   The Amended Complaint Pleads a Strong Inference of Scienter**

Courts "evaluate the sufficiency of a complaint's allegations of scienter 'holistically,' considering '*all* of the facts alleged, taken collectively,' rather than 'any individual allegation, scrutinized in isolation.'" *Set Cap. LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 78 (2d Cir. 2021) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323 (2007)) (emphasis in original). A complaint satisfies the PSLRA's scienter requirement where it "allege[s] facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* Furthermore, "where the defendant at issue is a corporation, it is possible to plead corporate scienter by pleading facts sufficient to create a strong inference either (1) that 'someone whose intent could be imputed to the corporation acted with the requisite scienter' or (2) that the statements 'would have been approved by corporate officials sufficiently knowledgeable about the company to know' that those statements were misleading." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 177 (2d Cir. 2015) (quoting *Teamsters Loc. 445 Freight Div. Pension Fund v. Dynex Cap. Inc.*, 531 F.3d 190, 195–96 (2d Cir. 2008)).

The Amended Complaint alleges that throughout the Class Period, Philips manufactured and sold millions of respiratory devises, including Trilogy ventilators, which utilized polyester-based polyurethane foam for sound abatement purposes. Dkt. 16 ("Compl.") at ¶2. Unbeknownst to the market, the foam in these devices was susceptible to degradation, which posed a significant health risk to patients, including from carcinogenic toxins. *Id*. at ¶4. By the end of 2015 at the latest, Philips had received multiple complaints about the foam degradation. *Id*. at ¶5. Some of



Philips' subsidiaries even generated internal test reports about these complaints, which documented the types of harm that could be caused by foam degradation. *Id*. at ¶6.

Philips never disclosed these problems to the market, but instead promoted the products as safe and effective. *See, e.g.*, Compl. at ¶159 (announcing that a recent study showed "significant decreases in both hospital and payer costs and hospitalization rates for severe chronic obstructive pulmonary disease . . . with the use of advanced noninvasive ventilation (NIV), specifically Philips Trilogy 100 with AVAPS-AE mode, compared to no NIV or the use of less advanced NIV therapy following patient discharge."). Throughout the Class Period, Defendants professed knowledge about the attributes of these devices, identifying them by name in quarterly reports and during earnings presentations to investors. *See, e.g., id*. at ¶¶ 134, 146, 159-60, 171. Defendants' frequent discussion of these products and the close attention they paid to these products support an inference of scienter. *See, e.g., Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 271 (3d Cir. 2009) ("The perceived importance of margins supports an inference that [the CFO] was paying close attention to these numbers"); *Yannes v. SCWorx Corp.*, 2021 WL 2555437, at *5 (S.D.N.Y. June 21, 2021) (scienter pleaded where defendant represented to investors specific attributes of various service lines, while "fail[ing] to detect—or, worse yet—ignor[ing] . . . red flags); *In re Salix Pharm., Ltd.*, 2016 WL 1629341, at *14 (S.D.N.Y. Apr. 22, 2016) ("Defendant Derbyshire's statement concerning Salix's knowledge of precise inventory levels weigh[ted] in favor of scienter.").

Defendants contend that any internal reports identifying issues with the foam "concerned the conduct of only Philips RS [a Philips subsidiary]" and cannot be used to show the scienter of the Defendants. Defendants are wrong. Importantly, during the Class Period, Defendant Van Houten attended many meetings with Philips' Quality & Regulatory Compliance Committee, which has responsibility over the quality of Philips' products. Compl. at ¶105 & n.2 (quoting from Philips' 2018 SEC Form 20-F). Van Houten attended eight meetings with the Committee in 2019 alone and would have been acutely aware of the dangers posed by the products at issue. Van Houten was also a member of the Executive Committee, to which the Quality & Regulatory Compliance Committee reported. *Id.* ¶¶180, 422. These allegations, among others, collectively support a strong inference of scienter. And, while motive allegations are not required, the Amended Complaint also pleads motive by alleging that the products at issue pertained to a significant segment of the Company's overall business. *See, e.g., id*. at ¶340.

### 2. The Amended Complaint Pleads Materially Misleading Statements

"A complaint may not properly be dismissed . . . unless [the misstatements or omissions] are so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, at 162-63 (2d Cir. 2000). "In general, the materiality of a statement or omission is a question of fact that should normally be left to a jury rather than resolved by the court on a motion to dismiss." *In re Cabletron Sys., Inc.*, 311 F.3d 11, 34 (1st Cir. 2002); *see similarly Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003).

Contrary to Defendants' contentions, the Amended Complaint pleads actionable statements that were not so generic that no reasonable investor would have considered them immaterial in deciding whether to purchase Philips' securities. For example, Defendants repeatedly discussed attributes of the specific products at issue. *See supra*. It is well-settled that these and other

POMERANTZLLP

misstatements are actionable because "once a company speaks on an issue or topic, there is a duty to tell the whole truth, even when there is no existing independent duty to disclose information" on the issue or topic. *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 258 (2d Cir. 2016).

### 3. Foreign Purchasers Have Standing

Foreign purchasers of Philips' securities have standing to bring their claims under *Morrison v. Nat'l Australia Bank*, 561 U.S. 247, 267 (2010). *City of Pontiac Policemen's Sys. v. UBS AG*, 752 F.3d 173, 181 (2d Cir. 2014) explains that *Morrison* does not contemplate "foreign cubed" claims (*i.e.*, those brought "by a foreign purchaser of foreign-issued shares on a foreign exchange"). Section 10(b) is agnostic with respect to the citizenship of a plaintiff, and is only "concerned with the territorial location where the *purchase or sale* was executed." *In re Alstom SA Sec. Litig.*, 741 F. Supp. 2d 469, 472–73 (S.D.N.Y. 2010) (citing *Morrison*, 561 U.S. at 266–67) (emphasis added). As the Amended Complaint makes plain, this action concerns only *Morrison*-compliant purchases.

### 4. The Section 20(a) Claims Should Not Be Dismissed

As Plaintiffs have adequately pleaded a primary violation of Section 10(b), Defendants' only argument for dismissal of the secondary "control person" claims under Section 20(a) fails. *See Yannes*, 2021 WL 2555437, at *8.

\*   \*   \*

For these reasons, Plaintiffs' claims are well-pleaded.

Respectfully submitted,

By: */s/ Jeremy A. Lieberman*
Jeremy Lieberman
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com

*Lead Counsel for Plaintiffs & the Proposed Class*

cc:     All counsel of record (via ECF)