# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

July 28, 2022

Via ECF

The Honorable Margo K. Brodie,
    United States District Court,
        Eastern District of New York,
           225 Cadman Plaza East,
                Brooklyn, New York 11201.

        Re:    *Patel* v. *Koninklijke Philips N.V., et al.,* No. 21 Civ. 04606 (E.D.N.Y.)

Dear Judge Brodie:

        On behalf of Defendants Koninklijke Philips N.V. ("KPNV"), Frans van Houten and Abhijit Bhattacharya, we write in response to Plaintiffs' July 21, 2022 letter.

        As in their Amended Complaint and their motion to dismiss opposition brief, Plaintiffs again seek to gloss over the critical distinction between non-party Philips RS North America LLC ("Philips Respironics") and its ultimate Dutch parent company, Defendant KPNV. KPNV's April 25, 2022 filing with the SEC did not state that it or any other Defendant had received a subpoena. Rather, it stated: "*Philips Respironics and certain of Philips' subsidiaries in the US* received a subpoena from the US Department of Justice" (emphasis added). Thus, the subpoena provides no support for Plaintiffs' claims against Defendants here: the Dutch parent company and its CEO and CFO.

        In any event, the mere fact of a subpoena or an investigation neither "corroborates" Plaintiffs' claims under the securities laws, nor pleads that Defendants had any contrary knowledge at the time of their challenged statements, especially a subpoena served long after the relevant events. *See, e.g., Lipow* v. *Net1 UEPS Techs.*, 131 F. Supp. 3d 144, 167 (S.D.N.Y. 2015) ("government investigations are just that, investigations"); *Dobina* v. *Weatherford Int'l*, 909 F. Supp. 2d 228, 258 (S.D.N.Y. 2012) ("no basis to conclude that a DOJ investigation initiated over a year after the events in question is probative of anything"); *Teamsters* v. *McGraw*, 2010 WL 882883, at *11 (S.D.N.Y. Mar. 11, 2010) ("government investigations cited in the Complaint are irrelevant to alleged misconduct that occurred before [the date on which the investigations began]"); *Hinds County* v. *Wachovia Bank*, 620 F. Supp. 2d 499, 514-16 (S.D.N.Y. 2009) (granting motion to dismiss where DOJ, SEC, and state attorneys general investigations had not found that wrongdoing of the kind alleged in the complaint had occurred).

>Respectfully submitted,
>
>*/s/ Sharon L. Nelles*
>
>Sharon L. Nelles

cc: Counsel of Record (via ECF)