# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 21, 2022

Via ECF

The Honorable Margo K. Brodie,
    United States District Court,
        Eastern District of New York,
            225 Cadman Plaza East,
                Brooklyn, New York 11201.

Re:     *Patel* v. *Koninklijke Philips N.V., et al.,* No. 21 Civ. 04606 (E.D.N.Y.)

Dear Chief Judge Brodie:

On behalf of Defendants Koninklijke Philips N.V., Frans van Houten and Abhijit Bhattacharya ("Defendants"), we write in response to Plaintiffs' November 9, 2022 letter requesting a pre-motion conference regarding Plaintiffs' request for leave to file a Second Amended Complaint.

Plaintiffs originally filed this action on August 16, 2021. Following the lead-plaintiff application process, Plaintiffs filed their First Amended Complaint on January 3, 2022. Defendants moved to dismiss on March 4, 2022, arguing, among other things, that Plaintiffs had not pled that any Defendants made a material misrepresentation, let alone with the strong inference of scienter required by Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). In their April 18, 2022 opposition, Plaintiffs asked for leave to amend, but did not file a letter with the Court requesting a pre-motion conference, as required by Rule 3.A of the Court's Individual Practices and Rules.

Over six months passed, and on October 25, 2022, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs would be requesting a pre-motion conference. In response to Plaintiffs' request for Defendants' position, Defendants asked for a copy of Plaintiffs' proposed Second Amended Complaint, consistent with the usual practice in this Circuit when a plaintiff asks a defendant for consent to an amendment. (Ex. A.) Plaintiffs' counsel refused. Instead, Plaintiffs stated generally that they "do not intend to add any new claims," "do intend to expand the Class Period end date from November 12, 2021 to October 24, 2022," and sought "to add new allegations"—none of which were identified—purportedly "supporting Plaintiffs' existing claims that arose since the complaint was filed." (Ex. A.) Defendants' counsel responded that Defendants

The Honorable Margo K. Brodie                                                                    -2-


"neither consent nor oppose at this time," because Plaintiffs would not provide Defendants with a copy of the proposed Second Amended Complaint.  (Ex. A.)

   With their letter-motion, Plaintiffs have made their proposed Second Amended Complaint available to Defendants.  Now that Plaintiffs have done so, Defendants do not oppose Plaintiffs' request for leave to amend.  The proposed Second Amended Complaint does not fix any of the significant pleading deficiencies that affected their prior pleading and still fails to state a claim under Rule 9(b) or the PSLRA.  Accordingly, Defendants believe this action can more quickly reach the stage of dismissal if Defendants agree to Plaintiffs' proposed amendment now.  Defendants wish to emphasize, however, that if the Court permits this amendment, Plaintiffs should not be permitted to make any further amendments.  *See Polycast Tech. Corp.* v. *Uniroyal, Inc.*, 728 F. Supp. 926, 939 (S.D.N.Y. 1989) ("Rule 15(a) [] gives the court authority to impose conditions when leave to amend is allowed."); *Hayden* v. *Feldman*, 159 F.R.D. 452, 454–55 (S.D.N.Y. 1995) (courts can "balance[] the interests" of the parties "by imposing conditions on the applicant's leave to amend," and "[w]here litigants reject conditions imposed by a court, leave to amend is normally denied").  Plaintiffs have had more than ample opportunity to investigate and to attempt to plead a claim in the more than 15 months since the filing of their original Complaint.

   Finally, despite their previous statement to Defendants that Plaintiffs "do not intend to add any new claims," Plaintiffs have added a new defendant to this case (John Frank).  He had not been named as a defendant in Plaintiffs' original Complaint or First Amended Complaint.  To allow for sufficient time for service of Mr. Frank, for Mr. Frank to retain counsel, and for Mr. Frank's counsel to get up to speed, Defendants respectfully request that, if the Court grants Plaintiffs' motion for leave to amend, Defendants and Mr. Frank have 45 days to move to dismiss the Second Amended Complaint.

Respectfully submitted,

*/s/ Sharon L. Nelles*

Sharon L. Nelles

cc:  Counsel of Record (via ECF)