## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

SUBHASH PATEL, Individually and On Behalf of
All Others Similarly Situated,

        *Plaintiff*,

        v.

KONINKLIJKE PHILIPS N.V. and FRANS
VAN HOUTEN,

        *Defendants*.

21-cv-4606 (ERK) (MMH)

(Oral Argument Requested)


## DEFENDANTS' REPLY MEMORANDUM IN
## FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION

Sharon L. Nelles
William B. Monahan
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Counsel for Koninklijke Philips N.V. and
Frans van Houten*

October 28, 2024

## PRELIMINARY STATEMENT

Contrary to plaintiffs' mischaracterizations, defendants' motion raises precisely the circumstances warranting reconsideration. As plaintiffs acknowledge (Opp. at 1), the specific arguments defendants have made in favor of reconsideration are not "new." *See Phillips* v. *City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) ("[A]rguments [] raised for the first time in [a] motion for reconsideration . . . are waived."). But these specific arguments were not addressed by the Court in its Order, and particularly its discussion of the sole issue on which defendants have sought reconsideration: the Court's ruling as to Mr. van Houten's (and, therefore, KPNV's) alleged scienter. Defendants carefully reviewed the Order—including the discussion of Mr. van Houten's alleged scienter at pages 16 to 17—and identified for reconsideration only those overlooked "factual matters" and "controlling law" they believe might "reasonably be expected to alter" the outcome. *Montanile* v. *Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002). Courts in this District have granted reconsideration in precisely these circumstances. *See, e.g., In re Gentiva Sec. Litig.*, 971 F. Supp. 2d 305, 336 (E.D.N.Y. 2013) (court overlooked facts regarding scienter and granted motion for partial reconsideration); *Salveson* v. *JP Morgan Chase*, 166 F. Supp. 3d 242, 254 (E.D.N.Y.), *aff'd*, 663 F. App'x 71 (2d Cir. 2016) (granting motion for reconsideration because the court "overlooked controlling law").

Defendants respectfully request that the Court grant the motion and reconsider its ruling as to Mr. van Houten's alleged scienter. That single ruling had profound consequences and, if reconsidered, would result in the dismissal of *all* remaining claims against *all* defendants.

**ARGUMENT**

I.    **Defendants' Motion Identified Critical Facts Overlooked in the Court's Order, Not Previously Rejected Arguments.**

Plaintiffs misleadingly frame defendants' motion as "seek[ing] to re-litigate issues that Defendants already raised and this Court already decided." (Opp. at 3.) That is not correct. The Court did address and did reject two of defendants' arguments concerning Mr. van Houten's alleged scienter: defendants' argument that plaintiffs were required to, but did not, "state precisely what van Houten learned at which QRC meetings" (Order at 16) and that "it is implausible that the QRC meetings discussed post-market surveillance for each of its products sold by KPNV's over 300 subsidiaries" (*id.* at 17). But this Motion for Reconsideration does *not* concern either of those arguments. Instead, in its discussion of Mr. van Houten's alleged scienter, the Court did *not* address the FDA Form 483 report and how it defeats the inference of scienter that the Order presently attributes to Mr. van Houten:

- Philips Respironics' post-market surveillance—not KPNV's or the KPNV Board QRC's—discovered the foam degradation issue (MTD Mot., Ex. 17 at 2, 4-8, 12, 14-18);

- At quarterly Philips Respironics management review meetings, Philips Respironics management discussed specific post-market surveillance issues, including the foam degradation issue specifically (*id.* at 25);

- Mr. van Houten did not attend any of those Philips Respironics meetings (*id.*); and

- When Mr. van Houten referred to "*our* post-market surveillance, where *we* have picked up reports" (SAC ¶ 337), he was plainly referring to Philips Respironics and its post-market surveillance, not KPNV's or the KPNV Board QRC's.

If the Court considered these points in its Order, it did not do so explicitly. Defendants do not dispute that the Court cited the Form 483 report several times in its Order, but it does not appear that the Court considered the Form 483 report in its analysis of Mr. van Houten's

alleged scienter, or the significance of that report to plaintiffs' flawed inferences of scienter. *See In re Gentiva*, 971 F. Supp. 2d at 335-36 (granting reconsideration where "Court overlooked critical facts" that showed "Plaintiff fail[ed] to raise the requisite strong inference of scienter as to an individual defendant).

## II. Separately and Independently, Defendants' Motion Identified Controlling Law—the Weighing of Inferences Required by *Tellabs*—Overlooked in the Order.

Plaintiffs argue that "[n]othing more was required of the Court" than citing *Tellabs* as the applicable pleading standard and then later holding that plaintiffs' inference was "both plausible and readily inferable." (Opp. at 7.) Plaintiffs are inviting the Court to err. *Tellabs* does not merely require an inference of scienter to be "plausible and readily inferable." (*Id.*) Indeed, the Supreme Court expressly rejected the Seventh Circuit's holding that the scienter analysis began—and also ended—at this step. *Tellabs, Inc.* v. *Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323 (2007) (reversing and remanding where Seventh Circuit "expressly declined to engage in [] a comparative inquiry" of competing inferences). Step two under *Tellabs* requires courts to next consider whether the plausible inference is "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* at 314.

Neither of the two cases plaintiffs cite supports their argument that the Court did not need to perform the required weighing of inferences. (*See* Opp. at 7-8.) In the first, the district court expressly considered the competing inference urged by defendants and found that defendants' "explanations are not *more* compelling than Plaintiffs' suggestion." *In re Fannie Mae 2008 Sec. Litig.*, 742 F. Supp. 2d 382, 406 (S.D.N.Y. 2010), *recons. denied*, 2011 WL 13267340 (S.D.N.Y. 2011) (emphasis in original). And in the second, the district court discussed the competing inference proposed by defendants, then listed the "factors most influencing [its] determination," and ultimately decided that the scales tipped in plaintiffs' favor. *City of Austin*

*Police Ret. Sys.* v. *Kinross Gold Corp.*, 957 F. Supp. 2d 277, 307-08 (S.D.N.Y. 2013), *recons. denied*. This is precisely the type of weighing that must be performed, as illustrated by *Slayton* v. *Am. Exp. Co.*, 604 F.3d 758, 775 (2d Cir. 2010).[1]

Tellingly, instead of identifying where in the Order the required weighing of inferences occurred, plaintiffs instead advance new arguments—which they did not previously make and which do not appear in the Order—in support of their proffered inference of scienter. (Opp. at 8 n.2.)[2] In doing so, plaintiffs are all but conceding that the *Tellabs* weighing of inferences did not occur and that reconsideration is therefore appropriate. Plaintiffs' new arguments also confirm that defendants' alternative inference is far more compelling than theirs. (*See* Mot. at 7-8.) Plaintiffs engage in sheer speculation when they now argue that KPNV disclosed the foam issue when it did because "[s]omeone at the company could [] have been threatening to blow the whistle" and "it was just a few short months before the FDA inspected Philips Respironics' facilities in 2021." (Opp. at 8 n.2.) There are no allegations in the Complaint regarding any supposed whistleblower; nor are there any allegations that the FDA gratuitously gave the company an early "heads up" that it would be inspecting Philips Respironics months later. Plaintiffs also argue that defendants "waited" to make a disclosure "to extract more proceeds from the sale of devices." (*Id.*) But plaintiffs previously alleged that defendants knew at least by 2016 of an alternative foam that would *not* degrade. (SAC ¶ 119.) It "defies credulity to believe" that with

---

[1]     Plaintiffs argue that defendants "impermissibly cite *Slayton*" because that case was not previously "put before the Court." (Opp. at 9 n.3.) This is a strawman argument. The particular facts and circumstances in *Slayton* are not especially relevant here, which is why *Slayton* would not have been cited in defendants' motion to dismiss. Defendants are citing *Slayton* to show how the *Tellabs* weighing was not done in the Order.

[2]     Plaintiffs also restate certain "additional allegations" as to Mr. van Houten (Opp. at 9-10) virtually identical to those the Court rejected as to Mr. Bhattacharya when the Court dismissed all claims against him (Order 19-20).

the availability of alternative foam, defendants would "purposely have avoided implementing it" and instead chosen to continue to sell devices with the original foam, creating the potential for greater liability in the future. *In re Lululemon*, 14 F. 3d 553, 583 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015).

Defendants' opposing inference of nonfraudulent intent is far more compelling and commonsensical: that Mr. van Houten did not learn of the foam issue until shortly before KPNV's April 2021 disclosure, at which point he and KPNV promptly disclosed it. Throughout the putative class period, Mr. van Houten increased his KPNV stockholdings, and Philips Respironics continued to sell the same devices with the same foam that could degrade (all while knowing, as plaintiffs allege, of the existence of foam that would not degrade).[3] If Mr. van Houten actually had knowledge of the foam issue, it would have been economically irrational for him to have intentionally increased his own personal risk of financial losses and intentionally exposed the company to far greater potential liability. Thus, even if plaintiffs' proposed inference were "plausible and readily inferable" (Order at 17), the competing, non-culpable inference is decidedly stronger, and dismissal under *Tellabs* is therefore required.

## CONCLUSION

Defendants do not make reconsideration motions lightly. But reconsideration on this one issue is warranted given the profound stakes and the important arguments previously advanced by defendants that the Order does not address. Defendants respectfully request that the Court reconsider its ruling and dismiss the Complaint with prejudice in its entirety.

---

[3]     As the Court correctly stated, Mr. van Houten "generally increased [his] stockholdings throughout the Class Period." (Order at 14.) Plaintiffs now argue that some of the increase may have come as part of his compensation, but that distinction is irrelevant in this Circuit. *See, e.g., In re Aratana Therapeutics*, 315 F. Supp. 3d 737, 763 (S.D.N.Y. 2018) (no scienter where CFO's increased stockholdings came through "zero-cost shares of common stock and vested options").

Dated: New York, New York
      October 28, 2024

Respectfully submitted,

/s/ Sharon L. Nelles
_____
Sharon L. Nelles
William B. Monahan
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Counsel for Koninklijke Philips N.V. and Frans van Houten*