UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)
----------------------------:
SUBHASH PATEL, Individually :Case No.: 21-cv-4606
and On Behalf of All Others :
Similarly Situated,         :
            Plaintiff,      :
     v.                     :Brooklyn, New York
                            :December 5, 2024
                            :11:27 a.m.-11:44 a.m.

KONINKLIJKE PHILIPS N.V.    :
et al.,                     :
            Defendants.     :
----------------------------:


TRANSCRIPT AND STATUS CONFERENCE HEARING

BEFORE THE HONORABLE MARCIA M. HENRY

UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For Plaintiff:        POMERANTZ
                      BY:  Emma Gilmore, Esq.
                           Guy Yedwab, Esq.
                      600 Third Avenue - 20th Floor
                      New York, New York 10016

For Defendant:        SULLIVAN & CROMWELL LLP
Koninklijke           BY:  William B. Monahan, Esq.
Philips                    James Brown, Esq.
                           Connor Ferrall, Esq.
                      125 Broad Street
                      New York, New York 10004



Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

AMM TRANSCRIPTION SERVICE - 631.334.1445

THE DEPUTY CLERK:  Civil cause for initial conference in 21-cv-4606; Patel v. Koninklijke Philips N.V., et al.

Would counsel please state their appearance for the record, starting with the plaintiffs.

MS. GILMORE:  Good morning, Your Honor. Would you like me to stand up?

THE COURT:  No.  It's actually better if you stay seated and speak directly into the microphone.

MS. GILMORE:  Okay.  Emma Gilmore from Pomerantz for the plaintiffs.  With me I have Guy Yedwab.

THE COURT:  Good morning to each of you.

MR. MONAHAN:  Hello, Your Honor.  I'm Bill Monahan.  With me -- from Sullivan & Cromwell for the defendants.  And with me is James Brown and Conor Ferrall.

THE COURT:  Good morning to each of you as well.

We are here for an initial conference in this case that has actually had a substantial amount of litigation even before today's conference.  And I do note that there is a pending motion for reconsideration on Judge Korman's order on the

motions to dismiss in this case, and that was just recently filed. That said, we'll proceed with discussing discovery and other matters today so that the case can move forward. Judge Korman will make his decision in due course.

So, in that regard, usually at an initial conference I will give counsel an opportunity to provide me with an overview of the legal or factual issues, but I -- I'm sure we can short circuit that just because there's a written opinion that lays out most of the facts, many of the issues that have already been litigated. The parties have submitted a pretty comprehensive discovery plan. And I do see a proposed protective order as well.

Let me just do a few housekeeping matters before we move forward. First, for this protective order at document 63, were there any changes to my form protective order?

MR. MONAHAN: No, Your Honor.

MS. GILMORE: No, Your Honor.

THE COURT: Okay. All right.

I think there might be a slight typo. I think the spacing created extra letters on page 3 of the document, but I don't think that the substance has changed. It has to do with the enumerated list

AMM TRANSCRIPTION SERVICE - 631.334.1445

under paragraph 2 of what's considered confidential discovery material.

The version that is docketed goes up to letter G, and I know that my form order goes up to letter F, and I think it's just a spacing problem. So if everyone accepts it in its current iteration, that's fine; otherwise, I can make it back to what I had.

MS. GILMORE:  So, in other words, A and B --

THE COURT:  Yes, I think A and B got combined, which they should be because they are the same paragraph.

MS. GILMORE:  Yeah.

MR. MONAHAN:  Yes, Your Honor, I think that's the issue, that B got split out into a separate paragraph.  We're -- on the substance, I don't think it means all that much, but we're happy to submit, just for clarity, an updated version, if Your Honor would like.

THE COURT:  No.

MR. MONAHAN:  Okay.

THE COURT:  It's so ordered.

MR. MONAHAN:  Okay.

THE COURT:  We'll get it entered today.

MR. MONAHAN:  Thank you, Your Honor.

THE COURT:  Okay.

All right.  So why don't we -- well, since you're here and we're chatting, if you would like to provide me with any overview, you can, but otherwise, I would go straight to the discovery plan.

MS. GILMORE:  Sure.  I wrote a little summary.

We represent plaintiffs in this case.  It's a federal securities class action on behalf of shareholders of Philips seeking to recover damages against the company and the CEO for misrepresentations, largely made by the company and the CEO in public filings, including filings with the SEC and during several earnings calls with investors about the company's quality and safety of specific products and the commitment to compliance and applicable regulations, such as FDA regulations.

The cause of action is for § 10(b) and 10b-5 and 20(a) of the Securities and Exchange Act of 1934.  Unbeknownst to the markets but known to defendants, the complaint alleges that the foam in the breathing devices and other sleep devices was degrading and emanating foam and other particles

AMM TRANSCRIPTION SERVICE - 631.334.1445

that were toxic, and those facts were not disclosed to the public. And when news about the devices and Philips' knowledge about what was going on came out, Philips' price plunged and investors suffered a lot of monetary damages.

So that's pretty much the gist of our complaint.

THE COURT: Okay.

MS. GILMORE: The gist of it.

THE COURT: And let me just make sure I -- again, understanding that there is a motion for reconsideration pending, per your proposed discovery plan, the parties that are listed as defendants are just Philips and Mr. Van Houten -- or Houten. Houten?

MR. MONAHAN: Houten.

THE COURT: Houten.

-- Mr. Van Houten for now. Is that -- is everyone in agreement with that, pending the motion for reconsideration?

MS. GILMORE: That's correct.

MR. MONAHAN: That's correct, Your Honor.

MS. GILMORE: For now, yes.

THE COURT: Okay. All right. Thank you, Ms. Gilmore.

AMM TRANSCRIPTION SERVICE - 631.334.1445

Mr. Monahan?

MR. MONAHAN:  Thank you, Judge.

We are obviously happy with a number of aspects of Judge Korman's motion to dismiss decision, which dismissed a number of claims, dismissed a number of parties, and also narrowed the relevant class period.  Obviously, it did not get rid of the whole case.  And what's remaining, we've obviously filed our motion for reconsideration.  But even if that's not granted, we look forward to presenting our defense.

We dispute pretty much all aspects of plaintiffs' theory, including that defendants made any misstatement, let alone a material one, let alone with the requisite scienter.  And we look forward to presenting our defense at class certification and beyond, including summary judgment if the reconsideration motion is unsuccessful.

THE COURT:  Okay.  Thank you, both, for that.

And let's see -- okay.

Now, as to Mr. Van Houten, who remains one of the affirmative defenses in the answer, was a lack of personal jurisdiction.  Is that something where Mr. Van Houten intends to move on that at some

point?

MR. MONAHAN:  No, Your Honor.

MS. GILMORE:  Okay.

MR. MONAHAN:  No, Your Honor.

THE COURT:  Okay.  No problem.

All right.  Then let's move on to the proposed discovery plan at document 62.

I appreciate you highlighting things that you have changed in the plan itself.  And somewhat miraculously, I don't have a lot of questions because it's very clear.  Just a couple of things.

On page 2, Section C, the first two deadlines for joining parties and amending pleadings.  I would just like to understand from counsel what you believe this means because I've actually had some discussions with counsel in other cases where there's been some confusion as to what this deadline represents.

So let me hear from you what you think October 15, 2025 represents.

MS. GILMORE:  For C(1) and (2), I think we want to make sure that, pending what we get in discovery, we're able to determine whether or not we need to amend and add additional parties.

THE COURT:  Okay.  Not by making a motion,

but just by amending the pleadings?

MS. GILMORE:  Or, if required, by motion.

THE COURT:  Okay.

MR. MONAHAN:  My understanding, Your Honor, is generally consistent with Ms. Gilmore's, but I do understand that a motion would be required for either of these events.

THE COURT:  Okay.  And at that point, if that motion is made prior to October 15, 2025, then I -- well, whomever is deciding it would be governed by the Rule 15 standard, correct?

MR. MONAHAN:  Understood.

THE COURT:  But if it were made after October 15th, it would be governed by, first, the Rule 16, the good-cause standard, and then Rule 15a; is that -- or, excuse me, 15b.

Is that everyone's understanding?

MR. MONAHAN:  Yes, Your Honor.

MS. GILMORE:  I believe so, yes.

THE COURT:  Okay.  All right.

Again, I had some confusion with other counsel about this previously.  There's nothing wrong with the date.  I just wanted to make sure we were clear on what it meant.  Okay.

Now, completion of party document

discovery, which is in Section C(4), again, no issues with the date, but this is something that you added so I just wanted to make sure I understood what you meant by this.

MR. MONAHAN:  I think the goal, Your Honor, was to ensure that the documents were produced by a date certain, in order to try to game out when the depositions would occur, which would happen before the September 15th deadline on the next line.  I think that was the main goal of that, but I would defer to Ms. Gilmore, who proposed it.

THE COURT:  Okay.

MS. GILMORE:  I think that's our understanding, yeah.

THE COURT:  Okay.  All right.

That was also what I got from it, but, again, I didn't want there to be any confusion.  And not a problem with the dates.

At this point, would you be able to anticipate the number of witnesses that you plan on deposing?  The number of witnesses?

MS. GILMORE:  Not at this point, Your Honor.

THE COURT:  Okay.

MR. MONAHAN:  I think it will be tricky at

this point to certainly have agreement on what that would look like.

THE COURT:  Okay.  I'm not holding anyone to the number.  I just wanted to -- I wanted to understand if -- assuming you completed all party discovery -- or, excuse me, document discovery by June 16th, whether or not all of the fact discovery, including your depositions, would be completed by September 15th.

MS. GILMORE:  That would be our goal.

MR. MONAHAN:  Agreed.

THE COURT:  Okay.  All right.  Not a problem.

Okay.  I think that those were the only questions that I had.

Yeah, those are the only questions.  Are there any other orders that you believe need to be issued besides so ordering this particular proposed plan and the protective order?

MR. MONAHAN:  Not at this time, Your Honor.  I anticipate that probably in the next two weeks, give or take a week, we will submit an agreed ESI order for Your Honor to approve, but we're still working on that.

THE COURT:  Okay.

MR. MONAHAN:  That's fine.

THE COURT:  Okay.  Fine.  Then I will look out for that order.

So the protect -- excuse me.

The discovery plan at Document 62 is so ordered.  Given that you all have proposed these dates, they appear reasonable to me, and we've discussed them.  They would only be amended upon a showing of good cause.  If you seek any amendments, then it should attach the revised version of this that you are proposing.  And, as mentioned, the protective order at document 63 is also so ordered, and we will get both of these entered as of today.

Now, dare I ask about settlement?  Because as a magistrate judge, I'm duty bound to do so.

MS. GILMORE:  Your Honor, plaintiffs are always happy to discuss settlement, and we proposed an earlier date for that, but I understand defense counsel wanted to wait until class certification, at least the opening brief is made, which, if that's what they want to do, then obviously we will do that.

THE COURT:  Okay.

MS. GILMORE:  But we're always open to earlier discussions.

AMM TRANSCRIPTION SERVICE - 631.334.1445

THE COURT:  Okay.

MR. MONAHAN:  So we did propose that the private mediation, Your Honor, would happen by June 5.  We thought that that date made sense.  Of course, that's a date by which it must happen.  And if, for other reasons -- I mean, depending on the outcome of the motion for reconsideration, et cetera, there may be reasons to meet earlier, but the June 5 date is, sort of, when we are hearing from each other on class certification, which I think is another big inflection point in the case and may make sense to -- that's why we propose that date.

THE COURT:  Okay.  Understood.

And I did see that you had private mediation.  And by "private mediation," do you mean mediation outside of the auspices of the Court's mediation program?

MR. MONAHAN:  That's correct.

THE COURT:  Okay.  That's fine.  Because under our local rule, if I referred you to mediation, you would have the option to see a private mediator anyway, so I don't think I need to make that referral.  And you plan to do it anyway, so that's fine, but I couldn't let an initial

AMM TRANSCRIPTION SERVICE - 631.334.1445

conference go by without asking all of the lawyers in the room whether or not settlement was a possibility.  I'm always going to ask about settlement, so we may return to this conversation at the next conference.

Okay.  Before I set the next status update deadline, anything else that you wanted to discuss today, Ms. Gilmore?

MS. GILMORE:  Not from the plaintiffs, Your Honor.

THE COURT:  Okay.

MR. MONAHAN:  And same here, Your Honor. Nothing here.

THE COURT:  Okay.  Terrific.

Then here's what I think would be most efficient for a case like this:

I would like a written status report in lieu of an in-person status conference.  Given the many moving parts, I think it would be beneficial to both me and Judge Korman to have an understanding immediately available on the docket as to how the case is going with respect to discovery.  So to that end, I want to give you enough time to do things.

I think at this point, 90 days would be a good time to have a status report.  So let me just

get you a date certain.  March 21, 2025.  So this would be a joint status report in which you tell me all of the things that you would tell me if we were having a status conference on March 21st; specifically what discovery has been completed, what discovery remains to be completed.

If there are any discovery disputes that are starting to percolate -- meaning you've started to meet and confer but haven't quite gotten there, but you haven't reached motion level -- you could also include them in the letter.  This is designed to be a joint letter so that, even if you disagree on what should be in the letter, it's still contained in one document.  You can just add your respective positions.  And depending on the nature of the discovery dispute, we could always quickly schedule a telephone conference to just, sort of, talk through what the issues are and try to avoid unnecessary motion practice, all right?

Now, I don't know if 90 days you're going to be any closer to understanding whether or not settlement is on the horizon, but to the extent that you have continued your settlement conversations, then you can let me know that in the letter.  Please don't include any proposed terms and conditions of

settlement in this letter.  It's a publicly filed document, and those are more appropriate for private mediation or a settlement conference with the Court, all right?

Questions about this letter?

MR. MONAHAN:  None.

MS. GILMORE:  None.

THE COURT:  Okay.  All right.  Then if there is nothing else, we are adjourned.  And I wish each of you and your families a very happy and healthy remainder of 2024 and a great start to 2025.

MR. MONAHAN:  You too, Judge.  Thank you.

MS. GILMORE:  Thank you, Judge.  Happy holidays.

0o0

C E R T I F I C A T E

I, Adrienne M. Mignano, certify that the foregoing transcript of proceedings in the case of Patel v. Koninklijke Philips N.V., et al.; Docket #21CV4606 was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature _____*Adrienne M. Mignano*_____

ADRIENNE M. MIGNANO, RPR

Date:        December 8, 2024

AMM TRANSCRIPTION SERVICE - 631.334.1445