UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUBHASH PATEL and RICHARD SUN, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>KONINKLIJKE PHILIPS N.V. and FRANS VAN HOUTEN,<br><br>*Defendants*. | 1:21-cv-4606 (ERK) (MMH) |

### Order Implementing Federal Rule of Evidence 502(d)

1. **No Waiver by Disclosure.** This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Producing Party") discloses information that the Producing Party thereafter claims to be protected by the attorney-client privilege, work product protection, joint-defense or common-interest privilege, or any other similar privilege ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. **Notification Requirements; Best Efforts of Receiving Party.** A Producing Party must promptly notify the party receiving the Protected Information (the "Receiving Party"), in writing, that it has disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include as specific an explanation as possible why the Protected Information is covered by the attorney-client privilege and/or work product protection. Upon such notification, the Receiving Party must promptly (a) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (b) provide a certification that it will cease further review, dissemination and use of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.

3. **Contesting Claims of Privilege or Protection.** Following the production of a privilege log, if the Receiving Party contests the claim of privilege or other protection, the

Receiving Party may move the Court for an Order finding that the material referenced in the log does not constitute Protected Information. This Motion cannot assert the fact or circumstance of the prior disclosure as a ground for determining that the material does not constitute Protected Information.

    **4.** **Burden of Proving Privilege or Protection.** Upon challenge pursuant to Paragraph (3), the Producing Party retains the burden of establishing the privileged or protected nature of the Protected Information.

    **5.** *In Camera* **Review.** Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

    **6.** **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

    **7.** **Rule 502(b)(2).** The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege or protection.

    **8.** **Other Clawback and Confidentiality Obligations.** This Order does not affect or rescind the Protective Order (ECF No. 65) or any other order governing protection of confidential information to which the parties may stipulate, if any.

    **9.** **Severability.** The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

                                                     **SO ORDERED**:

Dated:    Brooklyn, New York
            _____, 2025                  MARCIA M. HENRY
                                       United States Magistrate Judge

**AGREED TO AND STIPULATED TO BY:**

Dated: February 25, 2025                                    Respectfully submitted,

**POMERANTZ LLP**
*/s/ Emma Gilmore*                                          */s/ William B. Monahan*
Jeremy A. Lieberman                                         Sharon L. Nelles
Emma Gilmore                                                William B. Monahan
Villi Shteyn                                                Thomas C. White
600 Third Avenue                                            SULLIVAN & CROMWELL LLP
New York, New York 10016                                    125 Broad Street
Telephone: (212) 661-1100                                   New York, New York 10004
Facsimile: (212) 661-8665                                   (212) 558-4000
jalieberman@pomlaw.com
egilmore@pomlaw.com                                         *Counsel for Koninklijke Philips N.V. and*
vshteyn@pomlaw.com                                          *Frans van Houten*

*Lead Counsel for Lead Plaintiffs and the Proposed Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com

*Additional Counsel for Lead Plaintiffs and the Proposed Class*