UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUBHASH PATEL and RICHARD SUN, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> KONINKLIJKE PHILIPS N.V. and FRANS VAN HOUTEN, <br><br> *Defendants*. | 1:21-cv-4606 (ERK) (MMH) |

**STIPULATED ORDER GOVERNING PRIVILEGE LOG PROTOCOL**

This Stipulated Order Governing Privilege Log Protocol ("Order") shall govern the treatment of all privileged or work product materials in this Action. This Order applies equally to all parties, who for the purposes of below shall be designated in their various roles as either the "Designating Party," "Receiving Party," or "Challenging Party." All deadlines and timeframes in this order that reference "days" are referring to calendar days and not business days.

**I.   PRIVILEGE LOG PROTOCOL**

To the extent that documents, in whole or in part, are withheld from production on the basis of attorney-client privilege, the work product doctrine, or some other protection, the Designating Party shall produce a privilege log as set forth below within thirty (30) days of the date by which the documents from the custodian or non-custodial source would otherwise have been produced if not for the claim of privilege or protection, unless another time is agreed by the parties. Privilege logs shall be produced on a rolling basis so as not to delay production of privilege logs.

1.   With the exception of documents and communications regarding the drop in the price of Philips' securities in relation to the at-issue allegations contained in the Second Amended Class Action Complaint, (ECF No. 39), the parties agree that privilege log identification is not required for privileged documents and communications that:

   a)   are created on or after June 17, 2021, are specific to this Action or other actions related to Philips Respironics' June 14, 2021 recall, and where each such document or communication is: (i) exchanged solely between a party and their outside legal counsel and constitutes attorney-work product and/or seeks and/or receives legal advice; (ii) opinion work product of outside legal counsel; (iii) internal communications

1

solely within a party's in-house legal department; (iv) exchanged solely between or among outside counsel for Plaintiffs; (v) exchanged solely between or among outside counsel for Defendants; or (vi) any communication made by or at the direction of counsel solely regarding litigation holds or preservation, collection, or review of documents in this Action or other actions related to Philips Respironics' June 14, 2021 recall.

2. Privilege logs shall be produced in Excel format that allows for text searching, sorting, and organization of data, and shall be produced either: (a) in a cumulative manner, so that each subsequent privilege log includes all privilege claims from prior logs; or (b) in installments using a consistent format so that the installments can be merged into a cumulative Excel spreadsheet by the Receiving Parties. Should a Designating Party serve an amended or modified version of an existing privilege log, the Designating Party shall serve either an accompanying cover letter detailing the amendments or a redline comparison of the amended or modified privilege log to the previously served privilege log. Parties may redact information that they assert is privileged. All documents redacted for privilege shall be logged in a separate tab of the Excel privilege log. Parties may log redactions for privilege with metadata only, unless the metadata entry does not provide adequate context or detail for the privilege claim to be assessed by a Receiving Party.

3. In an effort to avoid unnecessary expense and burden associated with traditional "document by document" privilege logs, and consistent with Local Rule 26.2(c) that suggests the Parties "should consider and discuss the use of a categorical log or a metadata log," the Parties agree that for documents withheld from production or redacted on the basis of attorney-client privilege, work product doctrine and/or any other applicable privilege, the Producing Party may prepare an enhanced metadata log based initially on an export of metadata fields. For entries where, in the Producing Party's good faith judgment, the metadata entry provides sufficient context or detail to allow the privilege claim to be assessed by a Receiving Party, the metadata entry will suffice. For entries where, in the Producing Party's good faith judgment, the metadata entry does not provide adequate context or detail for the privilege claim to be assessed by a Receiving Party, a traditional narrative privilege description will be drafted to supplement the metadata entry.

4. If, upon receipt of a log, a Receiving Party determines in good faith that certain metadata log entries provide inadequate context or detail to allow assessment of the associated privilege claims, the Receiving Party may seek supplemental descriptions for such documents. Supplemental privilege descriptions for the identified log entries shall be produced within 21 days.

5. Privilege logs shall include separate categories of information including:

a) A unique identifying number (separate from Bates numbering) [privilege identification number] for documents withheld or the Bates number for documents redacted for privilege;

b) If the document is the parent or child of a family of documents, some of which have been produced and others withheld, the log should identify the Bates numbers

of the first document (i.e., the parent, or if the parent is withheld the first attachment) produced from the family in which the logged document was withheld;

      c)      The date of the document or communication;

      d)      The FILEEXT metadata field of the document or communication;

      e)      The authors and recipients of the document or communication, based on the From (or Author), To, CC and BCC fields from electronically-generated metadata associated with the document;

      f)      The subject and/or title of the document, based on the Subject field (or other similar category) from electronically-generated metadata associated with the document, to the extent applicable and reasonably available, understanding that the Designating Party may eliminate some or all of this information to the extent that it has a good faith belief that it would reveal information that is itself privileged or protected.

      g)      Indication (e.g. ^ or +) next to the name of the individuals, sender (or author) or recipient, of the document/communication acting in the capacity of attorney (including paralegals or other legal staff carrying out a legal function for an attorney);

      h)      The name of or other identifying information as to the produced source file in which the document subject to a privilege claim was found (and listing of the primary custodian constitutes sufficient identifying information);

      i)      The specific privilege(s) or protection(s) claimed as a basis for withholding an otherwise discoverable document; and

      j)      A narrative field for use, to the extent necessary, to comply with Paragraph 3 above.

6.      To the extent that Listserv or group email addresses are identified on the privilege log, the Designating Party shall work in good faith to identify individuals and/or groups of individuals and/or groups of individuals who make up such Listserv or group email.

7.      If an attachment (parent or child) to a document or communication is being withheld, such attachment(s) shall be identified in the privilege log as separate entries. Families of documents shall be logged together in sequence with the parent document following by any other withheld documents in the document family.

8.      When the deposition of a custodian is scheduled for a date following substantial completion of a production of their custodial file, the parties shall make good faith efforts to provide privilege logs involving documents from the deponent's custodial file no fewer than ten (10) days prior to the deposition, unless otherwise negotiated and agreed to between counsel.

9.      To the extent documents require a log format that differs from the requirements outlined above, the parties will meet and confer in good faith, and endeavor to agree upon an appropriate log format for such documents.

## II. PRIVILEGE CHALLENGE PROTOCOLS

1. The Parties shall meet and confer in good faith, and endeavor to resolve any disputes before submitting such disputes to the Magistrate Judge for determination. The following procedure shall constitute satisfaction of the good faith meet-and-confer requirement prior to submitting privilege-related disputes to the Magistrate:

    a) A Challenging Party may challenge a Designating Party's claims of privilege or work product protection at any time. The Challenging Party shall provide written notification of those challenges, including the bases for the challenges and/or requests for additional clarifying information, to the Designating Party, and offer to meet and confer with the Designating Party regarding same (a letter delivered by email shall be sufficient). The meet and confer discussion shall, except as otherwise agreed to by the Parties, occur within seven (7) days following the date of the Designating Party's response to the written challenge notification as stated below.

    b) Failure of the Challenging Party to provide written notification of its challenges or failure of the Challenging Party to offer to meet and confer as outlined above shall prevent the Challenging Party from submitting its privilege-related challenge to the Magistrate Judge.

    c) Following receipt of the challenges, the Designating Party shall provide the Challenging Party with a written response (providing further information supporting its claims and/or indicating which privilege claims the Designating Party maintains and which it withdraws, downgrades or modifies) within fourteen (14) days, except as otherwise agreed to by the parties, following the date of the written challenge notification.

    d) Failure or refusal of the Designating Party to meet and confer with the Challenging Party shall allow the Challenging Party to submit its privilege-related challenge to the Magistrate Judge. Failure or refusal of the Designating Party to provide a written response, as outlined above, shall allow the Challenging Party to submit its privilege-related challenge to the Magistrate Judge.

2. To the extent that any such privilege assertions are downgraded, modified, or withdrawn by the Designating Party, as a result of the meet-and-confer process, or on its own accord, the Designating Party shall within fifteen (15) days produce any such downgrades as production overlays and indicate the same in the production cover letter to be served with a "key" that indexes the privilege identification number with the assigned Bates Number for each downgraded document.

3. For any challenges remaining following the above procedure, the Challenging Party may submit its remaining challenges to the Magistrate Judge.

4. If the document(s) at issue relates to a deposition scheduled less than forty-five (45) days from the date of the challenge, then the Challenging Party may seek an expedited briefing schedule, or *in camera* review, by the Magistrate Judge to resolve the dispute.

## III. INADVERTENT PRODUCTION OF DOCUMENTS

1. The inadvertent production of privileged or work product materials is to be governed by a separate order implementing Federal Rule of Evidence 502(d).

2. Nothing in this Order overrides an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

## IV. MODIFICATION

1. This Order may be modified at any time by the Court on its own motion, for good cause shown on motion of a party, or by agreement of the parties with the Court's approval.

**SO ORDERED**:

Dated: Brooklyn, New York
April 3, 2025

*Marcia M. Henry*
MARCIA M. HENRY
United States Magistrate Judge

**AGREED TO AND STIPULATED TO BY:**

Dated: February 25, 2025                                      Respectfully submitted,


**POMERANTZ LLP**
*/s/ Emma Gilmore*                                            */s/ William B. Monahan*
Jeremy A. Lieberman                                           Sharon L. Nelles
Emma Gilmore                                                  William B. Monahan
Villi Shteyn                                                  Thomas C. White
600 Third Avenue                                              SULLIVAN & CROMWELL LLP
New York, New York 10016                                      125 Broad Street
Telephone: (212) 661-1100                                     New York, New York 10004
Facsimile: (212) 661-8665                                     (212) 558-4000
jalieberman@pomlaw.com
egilmore@pomlaw.com                                           *Counsel for Koninklijke Philips N.V. and*
vshteyn@pomlaw.com                                            *Frans van Houten*

*Lead Counsel for Lead Plaintiffs and the Proposed Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com

*Additional Counsel for Lead Plaintiffs and the Proposed Class*

6