# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 16, 2025

<u>Via ECF</u>

The Honorable Edward R. Korman
The Honorable Marcia M. Henry,
   United States District Court for the Eastern District of New York,
      225 Cadman Plaza East,
         Brooklyn, New York  11201

         Re:    <u>*Patel* v. *Koninklijke Philips N.V. et al*, No. 21-cv-4606-ERK-MMH</u>

Dear Judges Korman and Henry:

      We write on behalf of defendants to correct a mischaracterization in footnote 2 of yesterday's motion by plaintiffs for leave to further amend their Complaint relating to plaintiffs' efforts to obtain defendants' consent to their motion.  (Dkt. No. 97(1).)  On December 10, 2025, plaintiffs informed defendants that plaintiffs would be seeking leave to amend and asked for defendants' consent but without providing a copy of the proposed amendment.  Defendants responded that same day, asking for a copy of the proposed amendment so that defendants could evaluate it and determine their position.  Plaintiffs did not respond until 4:26 p.m. on Sunday, December 14, when plaintiffs attached a draft of their 192-page amended complaint.  The next day (*i.e.*, plaintiffs' deadline), plaintiffs circulated various additional drafts of their proposed amendment, each making additional changes.  Defendants informed plaintiffs that, given that they had only first received a draft of the proposed amendment the previous day, defendants would need time to consider plaintiffs' request and would advise as to their position on the application by the end of the week.

      Plaintiffs' motion for leave to amend is by no means straightforward, especially at this late stage of the case, after the close of fact discovery, at the onset of expert discovery, and after the parties have briefed plaintiffs' motion for class certification based on its *prior* complaint.  If plaintiffs' motion for leave to amend is granted, defendants will move to dismiss, at a minimum, the claims based on the new theories in this pleading, including all claims against the newly added defendant.  The PSLRA stay would go into effect as a matter of law upon the filing of defendants' motion.  The PSLRA stay applies to "all discovery and other proceedings" and would therefore impact not only the existing case schedule, including the upcoming expert discovery deadlines, but also plaintiffs' class certification motion.  *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that

particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."). Then, following the Court's decision on the motion to dismiss, defendants would need to submit supplemental briefing in opposition to plaintiffs' class certification motion, directed toward any of the proposed amendments that survive dismissal. Plaintiffs' existing class certification motion should therefore be held in abeyance pending the outcome of these proceedings.

All of this is to say that plaintiffs' motion raises a number of complications not apparent from the face of plaintiffs' motion. Defendants respectfully request leave to provide the Court with their position on the motion for leave to amend and these related matters by this Friday, December 19.

Respectfully submitted,

*/s/ William B. Monahan*
William B. Monahan

cc:    Counsel of Record (via ECF)