# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

———

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 19, 2025

<u>Via ECF</u>

The Honorable Edward R. Korman
The Honorable Marcia M. Henry,
   United States District Court for the Eastern District of New York,
      225 Cadman Plaza East,
         Brooklyn, New York 11201

       Re:    <u>*Patel* v. *Koninklijke Philips N.V. et al*, No. 21-cv-4606-ERK-MMH</u>

Dear Judges Korman and Henry:

      We write on behalf of defendants in response to plaintiffs' motion for leave to file a *third* amended complaint ("TAC"). (Dkt. No. 97(1).) Nearly all of the new allegations in the TAC could have been made much earlier, during the period for fact discovery. But following a meet and confer process with plaintiffs over the past two days, to avoid burdening the Court with additional motion practice and in recognition of the fact that futility can be raised through Rule 12(b)(6) dismissal arguments, defendants informed plaintiffs that they consent to plaintiffs' motion for leave to amend.[1]

      Plaintiffs' decision to amend their pleading, however, will necessarily impact the case schedule for (i) merits expert discovery, which has not yet begun, and (ii) plaintiffs' class certification motion, which will require at least supplemental briefing and, depending on the outcome of defendants' Rule 12(b)(6) motion, potentially also further expert reports and/or expert depositions related to class certification. Under the PSLRA, as a matter of law, defendants' motion to dismiss triggers an *automatic* stay of "*all discovery and other proceedings* . . . during the pendency of [the] motion." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). The PSLRA "stay applies to successive motions to dismiss" even where, as here, "some of [plaintiffs'] claims have survived dismissal" in connection with a prior motion to dismiss. *Moab Partners* v. *Macquarie Infrastructure Corp.*, 2025 WL 2080507, at *2 (S.D.N.Y. 2025); *see In re Smith Barney Transfer Agent Lit.*, 2012 WL 1438241, at *2 (S.D.N.Y. 2012) ("[T]he weight of authority holds that discovery must be stayed pending all motions to dismiss, even if an earlier motion to dismiss

---

[1]    The parties have also reached agreement on a briefing schedule for defendants' Rule 12(b)(6) motion: January 30, 2026 (motion); March 2, 2026 (opposition); and March 20, 2026 (reply).

failed," and "a contrary interpretation would be unfaithful to the statutory text."); *Sedona Corp.* v. *Ladenburg Thalmann*, 2005 WL 2647945, at *3 (S.D.N.Y. 2005) (collecting cases holding the same).

By its clear and unambiguous terms, the PSLRA statutory stay applies not just to "discovery" (including expert discovery) but also to "all . . . other *proceedings*," including class certification, and courts routinely apply the automatic stay to motions for class certification and the work associated with those motions, including briefing and expert discovery (*e.g.*, expert reports, expert depositions, and the like). *See, e.g.*, *In re ValuJet, Inc.*, 984 F. Supp. 1472, 1481-82 (N.D. Ga. 1997) (explaining that "the Motion for Class Certification was stayed pending the resolution of the Motion to Dismiss" because the "PSLRA provides that all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss"); *Vignola* v. *FAT Brands*, 2019 WL 13038337, at *2 (C.D. Cal. 2019) ("The Court agrees with those cases stating that class certification proceedings are not one of the exceptions to PSLRA's stay provision."); *Spears* v. *Metropolitan Life Ins.*, 2007 WL 1468697, at *5 n.2 (N.D. Ind. 2007) ("Courts generally do not regard class certification proceedings as one of the exceptions to PSLRA's stay provision."); *Winn* v. *Symons Int'l Grp.*, 2001 WL 278113, at *2 (S.D. Ind. 2001) (denying motion for class certification "with leave to reassert following resolution of the motions to dismiss"). Ignoring the plain language of the statute, plaintiffs contend that class certification should go forward, invoking a lone inapposite case, *Sjunde Ap-Fonden* v. *General Electric*, No. 1:17-cv-08457 (S.D.N.Y.). But in that case, defendants did *not* move to dismiss the amended complaint following the court's grant of leave to amend, meaning that the issue of the PSLRA's automatic stay was never before the court.

Apart from the clear statutory text, staying class certification proceedings is also the only logical path forward, because the scope of the case will be in flux until defendants' Rule 12(b)(6) motion is decided. Defendants will be moving to dismiss all of the newly added alleged misstatements,[2] and it is well-settled that the specific alleged misstatements that survive the pleading stage are "critical to [the] class certification" analysis. *In re Turquoise Hill Resources Sec. Lit.*, 2024 WL 791545, at *4 (S.D.N.Y. 2024). It makes no sense to do additional class certification briefing, expert reports and/or expert depositions addressing plaintiffs' new theories if those theories do not survive the forthcoming motion to dismiss. That is why the PSLRA uses expansive language to describe the scope of the automatic stay.

For these reasons, defendants respectfully submit that the Court stay plaintiffs' pending class certification motion (Dkt. No. 85) and the upcoming merits expert discovery deadlines (Dkt. No. 92). Once the automatic stay is lifted, the parties should meet and confer on

---

[2] Defendants will also be moving to dismiss all claims against the newly added defendant. Those manufactured claims are based entirely on a single alleged misstatement from more than four years ago.

a revised schedule both for merits expert discovery and for any supplemental briefing, expert reports, and/or expert depositions that may be necessary in connection with class certification.

    Respectfully submitted,

    */s/ William B. Monahan*  
    William B. Monahan

cc:     Counsel of Record (via ECF)