# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 30, 2026

Via ECF

The Honorable Edward R. Korman
The Honorable Marcia M. Henry,
   United States District Court for the Eastern District of New York,
     225 Cadman Plaza East,
      Brooklyn, New York 11201

      Re:    *Patel* v. *Koninklijke Philips N.V. et al*, No. 21-cv-4606-ERK-MMH

Dear Judges Korman and Henry:

      We write on behalf of defendants to inform the Court that, consistent with the Court's December 26, 2025 Order (Dkt. No. 100 at 1 n.1), defendants served their motion to dismiss the Third Amended Complaint ("TAC," Dkt. No. 103) earlier today. As a matter of law, defendants' motion triggers the automatic stay imposed by the Private Securities Litigation Reform Act ("PSLRA"), which stays "all discovery and other proceedings" during the pendency of the motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B); *see Lian* v. *Tuya Inc.*, 2024 WL 1932623, at *1 (S.D.N.Y. 2024) ("Stays of discovery under the PSLRA are 'automatic.'").

      As discussed further below, the automatic stay has an impact on (i) the deadlines previously set under the scheduling order (Dkt. No. 92), including for expert discovery and summary judgment, and (ii) class certification proceedings, including the additional briefing and expert-related discovery necessitated by the various amendments plaintiffs have made to their operative complaint. Defendants therefore respectfully request that all further proceedings with respect to class certification and all deadlines under the scheduling order, except those applicable to motion to dismiss briefing (Dkt. No. 100 at 1 n.1), be continued pending resolution of defendants' dismissal motion.

      Plaintiffs have said that defendants' motion to dismiss does not trigger the automatic stay. (Dkt. No. 102 at 6.) That is simply not correct. The PSLRA's "statutory text is crystal clear"—the automatic stay is triggered "during the pendency of *any* motion to dismiss." *Altimeo Asset Mgmt.* v. *Qihoo 360 Tech.*, 2022 WL 1663560, at *1 (S.D.N.Y. 2022). Plaintiffs invoke policy arguments and inapposite cases but in the end have no way around the "mandatory prose" of the PSLRA. *Id.* Courts have repeatedly recognized that the stay applies in these circumstances: "there is nothing ambiguous about the meaning of 'any,' . . . [and] this Court is 'not at liberty to rewrite the statute to reflect a meaning [it] deem[s] more desirable.'" *In re Smith*

*Barney Transfer Agent Litig.*, 2012 WL 1438241, at *2 (S.D.N.Y. 2012) (holding that successive motion to dismiss triggered the automatic stay despite "compelling policy arguments" to the contrary).

1. Plaintiffs argue that the automatic stay does not apply because "the PSLRA [has already] discharged [its] function" in this action. (Dkt. No. 102 at 6.) But the statute is clear: the stay of "all discovery and other proceedings" applies "during the pendency of *any* motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Courts in this Circuit and elsewhere have thus recognized that the automatic stay is triggered *even where a previous motion to dismiss was denied*. *E.g.*, *Lian*, 2024 WL 1932623, at *1 ("Defendants' pending [successive] motion under Rule 12(c) triggers the PSLRA automatic stay."); *In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 256 (S.D.N.Y. 2005) (holding that "all proceedings in these cases are stayed pending resolution of defendants' renewed motions to dismiss"); *Sedona Corp.* v. *Ladenburg Thalmann*, 2005 WL 2647945, at *3 (S.D.N.Y. 2005) ("Thus, the stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants, and regardless of whether the motion is brought initially to dismiss a complaint, or subsequently, in response to an amended complaint."); *Petrie* v. *Elec. Game Card*, 761 F.3d 959, 968 (9th Cir. 2014) ("When an amended complaint is filed after an earlier complaint has been upheld (at least in part), the bulk of district courts have ruled that filing a motion to dismiss the amended complaint also triggers a stay of any discovery."); *Fosbre* v. *Las Vegas Sands*, 2012 WL 5879783, at *3 (D. Nev. 2012) ("[I]t is proper to impose the stay of discovery pending the decision on the motion to dismiss the Second Amended Complaint, notwithstanding that the parties engaged in discovery prior to its filing.").

2. The PSLRA does permit a party to seek relief from the automatic stay, but only "upon [a] motion" and only upon a showing that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs have made no such motion and no such showing. *See 380544 Canada* v. *Aspen Tech.*, 2007 WL 2049738, at *2 (S.D.N.Y. 2007) ("According to express statutory language, the PSLRA's discovery stay may be lifted only if a court finds that doing so is necessary to preserve evidence or prevent undue prejudice . . . even where the goals of the PSLRA are not frustrated."). Even if plaintiffs' policy argument had any force (and it does not), "the mere fact that the PSLRA's goals would not be frustrated by the lifting of the stay is not sufficient to warrant lifting the stay." *Moab Partners* v. *Macquarie Infrastructure*, 2025 WL 2080507, at *2 (S.D.N.Y. 2025).

3. As to the two statutory exceptions to the automatic stay, plaintiffs have never claimed that the stay must be lifted to "preserve evidence." Nor would such an argument make sense where, as here, fact discovery has closed. Plaintiffs also have not argued that they would be "unduly prejudice[d]" from the automatic stay. While they have complained that the application of the stay will result in "several months of delay or more" and that the "Class" will suffer "loss" from an "unwarranted delay," (Dkt. No. 102, at 2, 4, ) it is black-letter law that "delay from the operation of the automatic-stay provision is not itself undue prejudice that warrants lifting the stay." *Moab*, 2025 WL 2080507, at *3; *In re Smith Barney*, 2006 WL 1738078, at *2 ("Undue

prejudice does not arise from a delay in . . . the development of settlement or litigation postures . . . because delay is an inherent part of every stay of discovery required by the PSLRA."). It is similarly irrelevant whether "supplemental briefing on class certification" would only impose "modest cost [on] Defendants." (Dkt. No. 102, at 4.) "[T]he absence of burden on [] defendant[s] should not be considered" in determining whether the automatic stay should remain in place. *Mori v. Saito*, 802 F. Supp. 2d 520, 527 (S.D.N.Y. 2011); *In re Smith Barney*, 2006 WL 1738078, at *3 ("The proper inquiry under the PSLRA is whether the plaintiff would be unduly prejudiced by the stay, not whether the defendant would be burdened by lifting the stay.").

        4.     The cases plaintiffs cited in their pre-motion letter do not overcome the plain language of the PSLRA's mandatory, automatic stay. (Dkt. No. 102, at 1 n.1.) In *In re Glob. Crossing Sec. Litig.*, the court granted plaintiffs' motion to lift the automatic stay as to a single defendant but did so only pursuant to the PSLRA's express "*exceptions* for undue prejudice and preservation of evidence." 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004) (emphasis added). That defendant had entered bankruptcy proceedings, so the court permitted limited discovery on the issue of successor liability, given concerns that the "winding down" of the business could result in a loss of evidence. *Id.*

        *In re Lernout & Hauspie Sec. Litig.* involved the distinct and "narrow question" of whether the automatic stay applied to defendants whose motions to dismiss had already been denied while motions to dismiss by *other* defendants remained pending. 214 F. Supp. 2d 100, 104 (D. Mass. 2002). The court held that, as applied to that narrow question, the PSLRA was ambiguous and stayed discovery only as to those defendants whose motions to dismiss were pending. *Id.* at 104-06. That does not help plaintiffs here, because unlike in *Lernout*, *all* defendants have moved to dismiss the TAC.[1] The court in *In re LeapFrog Enter. Sec. Litig.* merely held that the automatic stay was not triggered by "the filing of [a] motion for leave to file a motion to reconsider." 2017 WL 3263114, at *1 (N.D. Cal. 2017). Plaintiffs' invocation of *AP-Fonden v. Goldman Sachs*, No. 18-CV-12084 (S.D.N.Y.), and *Sjunde AP-Fonden v. Gen. Elec.*, No. 17-CV-8457 (S.D.N.Y.), is similarly misplaced. (Dkt. No. 102, at 5.) In both cases, the automatic stay was not triggered because the defendants *did not file motions to dismiss* following plaintiffs' amended complaints.

---

[1]    The *Lernout* approach, which does not help plaintiffs in any event, has been rejected by courts in this Circuit and others. *See, e.g.*, *Sedona Corp.*, 2005 WL 2647945, at *2-3 (recognizing *Lernout* as one of "two decisions in which federal courts have concluded that the language of the PSLRA stay provision, as it pertains to subsequent motions to dismiss, is ambiguous" and holding that "there is no ambiguity in the plain language of the PSLRA's stay provision"); *In re Celera Corp. Sec. Litig.*, 2014 WL 382570, at *2 (C.D. Cal. 2014) (rejecting *Lernout* and holding that the "plain language of the PSLRA stays all discovery while any motion to dismiss is pending").

In *In re Salomon Analyst Litig.*, contrary to plaintiffs' characterization (Dkt. No. 102, at 3), the court *upheld* the automatic stay on a successive motion to dismiss. 373 F. Supp. 2d at 256 ("[A]ll proceedings in these cases are stayed pending resolution of defendants' renewed motions to dismiss."). Plaintiffs' reliance on *In re Salomon* is misplaced for the additional reason that Judge Lynch was expressing "*hypothetical* concerns . . . about application of the PSLRA stay to a successive motion to dismiss" in instances where the successive motion might be "*frivolous [or] advanced solely to delay the proceedings*." *Lian*, 2024 WL 1932623, at *2 (emphasis added). Here, by contrast, plaintiffs' TAC contains a slew of new alleged misrepresentations that defendants have moved to dismiss, some of which are nearly identical to those the Court previously dismissed. (*Compare* Dkt. No. 55, at 23-24 n.6 (dismissing statement that "[t]he safety of patients who use our devices is our top priority" as "inactionable puffery"), *with* TAC ¶ 486 ("patient safety always has priority").) The TAC also adds a brand new defendant based on the flawed theory that he was the "maker" of a statement simply because a draft had previously been sent to him. (*Id.* ¶ 468.) Even more, plaintiffs do not have threshold Article III or class standing to bring any claims against this new defendant, since plaintiffs bought their stock *before* this defendant made the sole alleged misstatement allegedly attributed to him. Accordingly, he has moved to dismiss not only under Rule 12(b)(6) but also under Rule 12(b)(1). Where, as here, defendants intend to "advance[] legal arguments that the Court had not considered when ruling on the prior-filed motion to dismiss," the "hypothetical concerns" raised by Judge Lynch "are not present." *Lian*, 2024 WL 1932623, at *2. There is no plausible argument of any intentional delay. Defendants would be more than happy to provide the Court with their motion to dismiss now, but have held off on filing the motion in light of Judge Korman's Individual Rule IV(c).

In short, all of the relevant authorities support applying the plain language of the PSLRA automatic stay here.

5. The plain language of the statute also confirms that the automatic stay covers expert discovery: it applies to "*all* discovery and other proceedings." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). The language necessarily covers "expert *discovery*," including the preparation and exchange of affirmative, rebuttal and reply expert reports. (*See* Proposed Scheduling Order, Dkt No. 62.) Although the PSLRA stay is "automatic" and need not be further justified, *Lian*, 2024 WL 1932623, at *1, its application to expert discovery is particularly appropriate here. Defendants have moved to dismiss *all* of the new alleged misrepresentations in the TAC. The topics to be covered by the parties' experts (*e.g.*, loss causation, price impact, damages, etc.) will be directly impacted by which, if any, of the new alleged misrepresentations survive defendants' motion. Proceeding with expert reports and expert depositions while defendants' motion is pending would therefore cause inefficiency and duplication, as the outcome of that motion will likely require the parties to amend or supplement their reports down the line.

6. The statutory stay extends to class certification proceedings as well; it covers "*all* . . . other proceedings" by its plain terms. 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Unsurprisingly, courts have recognized that this language encompasses class certification

proceedings. *See, e.g.*, *In re ValuJet*, 984 F. Supp. 1472, 1481-82 (N.D. Ga. 1997) (explaining that "the Motion for Class Certification was stayed pending the resolution of the Motion to Dismiss" because the "PSLRA provides that all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss"); *Vignola* v. *FAT Brands*, 2019 WL 13038337, at *2 (C.D. Cal. 2019) ("The Court agrees with those cases stating that class certification proceedings are not one of the exceptions to PSLRA's stay provision."); *Spears* v. *Metro. Life Ins.*, 2007 WL 1468697, at *5 n.2 (N.D. Ind. 2007) ("Courts generally do not regard class certification proceedings as one of the exceptions to PSLRA's stay provision."); *Winn* v. *Symons Int'l Grp.*, 2001 WL 278113, at *2 (S.D. Ind. 2001) (denying motion for class certification "with leave to reassert following resolution of the motions to dismiss"). Additionally, the supplemental class certification proceedings necessitated here will include not only additional briefing but also further expert discovery, including supplemental expert report(s) and likely expert depositions. As such, the Court does not even need to determine whether class certification proceedings are inherently "other proceedings" (as other courts have confirmed) because "all discovery," including expert discovery attendant to class certification, is covered by the plain text of the statute.

The application of the automatic stay to class certification proceedings makes even more sense following the Supreme Court's and Second Circuit's recent decisions in the *Arkansas Tchr. Ret. Sys.* v. *Goldman Sachs* litigation, which materially re-shaped the price impact analysis at the class certification stage. Following *Goldman*, "[t]he identification of the actionable misstatement or omission is critical to class certification." *In re Turquoise Hill Res. Sec. Litig.*, 2024 WL 791545, at *4 (S.D.N.Y. 2024). That is because *Goldman* requires courts to *compare, on a statement-by-statement basis*, the genericness of an alleged misrepresentation with the specificity of an alleged corrective disclosure to determine whether the *Basic* presumption of reliance applies to a specific alleged misstatement. *Ark. Tchr. Ret. Sys.* v. *Goldman Sachs*, 77 F.4th 74, 81 (2d Cir. 2023) (citing *Goldman Sachs* v. *Ark. Tchr. Ret. Sys.*, 594 U.S. 113 (2021)). Additionally, *Goldman* confirmed that courts should shorten class periods where the alleged corrective disclosures do not "shed any new light" on the remaining alleged misrepresentations. *In re Apache Sec. Litig.*, 2024 WL 532315, at *9 (S.D. Tex. 2024). Both of these analyses turn on the specific alleged misstatements, meaning that defendants will not know the scope of their price impact arguments until their motion to dismiss is resolved.

Relying on authorities that largely pre-date the *Goldman* decisions,[2] plaintiffs argue that "the Court's decision to certify the Class stands or falls on the current allegations in the Second Amended Complaint" because "Defendants have [already] had the opportunity" to rebut price impact in this action. (Dkt. No. 102, at 3-4.) But unless plaintiffs intend to abandon all new

---

[2]     The sole authority plaintiffs cite that does not pre-date both the Supreme Court and Second Circuit's decisions in the *Goldman Sachs* litigation is the unpublished order from *In re Mindbody, Inc. Sec. Litig.*, No. 19-cv-08331, Dkt. No. 93 at 5 (S.D.N.Y.) (Dkt. No. 102 at 4), which had nothing to do with class certification and still pre-dated the Second Circuit's decision by two years.

alleged misstatements and corrective disclosures in the TAC, they are completely wrong. As discussed above, rebutting price impact is not a binary, all-or-nothing proposition, as plaintiffs incorrectly suggest, and certainly not after *Goldman*. Defendants can rebut price impact for specific alleged misstatements and corrective disclosures, knocking one or more out of a case at class certification. *See, e.g.*, *In re Concho Res.*, 2025 WL 1040379, at *17 (S.D. Tex. 2025) (holding that, under *Goldman*, defendants successfully rebutted price impact as to some, but not all, alleged misstatements and refusing to certify a class as to those statements).

For the foregoing reasons, defendants respectfully request that the Court continue all deadlines under the operative scheduling order (Dkt. No. 92), other than for the motion to dismiss briefing (Dkt. No. 100 at 1 n.1), and continue proceedings with respect to class certification (supplemental briefing, expert reports, and expert depositions) until the Court has ruled on defendants' motion to dismiss. As the next deadline under the scheduling order (plaintiffs' February 9, 2026 deadline to submit their expert reports) is fast approaching, defendants respectfully request that the Court address this matter prior to then.

Respectfully submitted,

*/s/ William B. Monahan*

William B. Monahan

cc:     Counsel of Record (via ECF)