# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 5, 2026

Via ECF

The Honorable Edward R. Korman
The Honorable Marcia M. Henry,
   United States District Court for the Eastern District of New York,
      225 Cadman Plaza East,
         Brooklyn, New York 11201

            Re:    *Patel* v. *Koninklijke Philips N.V. et al*, No. 21-cv-4606-ERK-MMH

Dear Judges Korman and Henry:

       We write on behalf of defendants in response to yesterday's letter from plaintiffs (Dkt. No. 118).

       Defendants' January 30, 2026 motion to dismiss triggered the PSLRA's automatic stay. If plaintiffs believe the stay should be lifted, the PSLRA provides that it is their burden to demonstrate, "upon [a] motion," that one of the two statutory exceptions are satisfied. 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs have filed no such motion and cannot meet either exception. As a result, plaintiffs are forced to argue, against the weight of a practically unanimous body of law to the contrary, that the stay was not triggered in the first place. None of plaintiffs' arguments is availing.

       Plaintiffs have no response to the plain text of the PSLRA. The PSLRA, in "mandatory prose," provides that the automatic stay is triggered "during the pendency of *any* motion to dismiss." *Altimeo Asset Mgmt.* v. *Qihoo 360 Tech.*, 2022 WL 1663560, at *1-2 (S.D.N.Y. 2022). The statute contains no exceptions based on any of the policy and other considerations cited by plaintiffs, including how long the action has been pending,[1] whether fact discovery already has concluded, or whether "the Court's Scheduling Order expressly contemplated dates for Plaintiffs' proposed amendment." (Dkt. No. 117 at 1; Dkt. No. 118 at 1; 15 U.S.C. § 78u-4(b)(3)(B).) It comes as no surprise, then, that courts in this Circuit have

---

[1]    Citing *Hicksville Water Dist.* v. *Jerry Spiegel Assocs.*, 2022 WL 4072683, at *4 (S.D.N.Y. 2022), plaintiffs imply that how long an action has been pending is relevant to application of the automatic stay. But that case was not even a securities class action, let alone a case interpreting the PSLRA and its plain text.

consistently held, in unqualified terms, that the automatic stay applies to successive motions to dismiss. *See Sedona Corp.* v. *Ladenburg Thalmann*, 2005 WL 2647945, at *3 (S.D.N.Y. 2005) (collecting cases holding that "there is no ambiguity in the plain language of the PSLRA's stay provision" with respect to "successive motions to dismiss").

Plaintiffs spend much of their letter scrambling to distinguish cases, claiming that none of them perfectly matches the procedural posture here. (Dkt. No. 118 at 1, 3-4.) None of those distinctions has any meaning here. The operative fact is that, as in all of defendants' cited authority, defendants moved to dismiss—that motion, by the statute's express command, "automatic[ally]" triggered the PSLRA stay. *Lian* v. *Tuya Inc.*, 2024 WL 1932623, at *1 (S.D.N.Y. 2024).[2] The cases upon which plaintiffs rely concerning the meaning of the PSLRA are entirely inapposite for the reasons already set forth in defendants' January 30 letter: none has anything to do with whether the PSLRA stay applies to successive motions to dismiss. (Dkt. No. 116 at 3-6.) For instance, *Sharma* v. *Rent the Runway, Inc.*, 2025 WL 1425583, at *2 (S.D.N.Y. 2025), concerned the applicability of the automatic stay during the pendency of a motion *for reconsideration*, and *Latham* v. *Stein*, 2010 WL 3294722, at *2 (D.S.C. 2010), concerned whether the automatic stay applied to defendants whose motions to dismiss had already been denied while motions to dismiss by *other* defendants remained pending.

Plaintiffs seem to suggest that defendants silently agreed to waive the PSLRA stay when they agreed to a scheduling order that permitted plaintiffs to move for leave to file an amended complaint. Even setting aside that plaintiffs cite no support for this argument, plaintiffs drastically understate the significance of the changes they made with their new pleading, as the redline they attached to their motion for leave to amend demonstrates. (Dkt. No. 97.) Among other things, the TAC added a brand new defendant who was not even a party to this case until now, added a slew of new alleged misrepresentations (including several that are nearly identical to those the Court previously dismissed), and added additional alleged corrective disclosure dates. None of this was known or even anticipated at the time the parties negotiated the original scheduling order more than a year ago. As a result, the scheduling order would not have

---

[2] For instance, plaintiffs attempt to distinguish *Lian* by cherry-picking language from that opinion's opening paragraph observing that the Rule 12 motion, "if granted in its entirety, would result in dismissal of the entire case against all Defendants." (Dkt. No. 117 at 1.) But plaintiffs fail to mention that the court's holding on the scope of the automatic stay rested *not* on this fact but only on "the language of the PSLRA." *Lian*, 2024 WL 1932623, at *1. Plaintiffs attempt to distinguish *380544 Canada, Inc.* v. *Aspen Tech., Inc.*, 2007 WL 2049738 (S.D.N.Y. 2007), by pointing out that "the court had yet to rule on the merits of *any* claims brought by plaintiffs." (Dkt. No. 117 at 1.) This is a bait and switch by plaintiffs. Defendants did not cite *380544 Canada* for the widely accepted proposition that the PSLRA stay applies to successive motions to dismiss, but instead for its clear explanation of the "only" two reasons "the PSLRA's discovery stay may be lifted," neither of which plaintiffs argue is present here. (Dkt. No. 116 at 2.)

contemplated either the need for defendants to move to dismiss the amended complaint or the resulting automatic stay.

The court in *Fosbre* v. *Las Vegas Sands Corp.*, 2012 WL 5879783 (D. Nev. 2012), rejected an identical argument to the one plaintiffs suggest here. In that case, the court recognized that the PSLRA is "unambiguous" and that the automatic stay applies "when *any* motion to dismiss is pending," including the successive motion to dismiss at issue in that case. *Id.* at *3. In an attempt to get around the automatic stay, plaintiffs argued that defendants "waived the PSLRA stay by stipulating to the discovery plan and scheduling order and participating in discovery following the Court's initial order on the motion to dismiss the Amended Complaint," which (as here) the court granted in part and denied in part. *Id.* The court rejected plaintiffs' "waiver" argument, explaining that where an amended complaint "repeats allegations that the Court dismissed, adds new allegations, and fundamentally changes the allegations that the Court allowed to proceed, . . . it is proper to impose the stay of discovery pending the decision on the motion to dismiss." *Id.*

Plaintiffs also cite *Leone* v. *ASP Isotopes Inc.*, No. 1:24-cv-09253 (S.D.N.Y.), but in that case, the court was not even asked to address the applicability of the PSLRA stay to class certification proceedings during the pendency of defendants' motion to dismiss. In fact, neither party presented *any* briefing to the court on that issue, and so there is no ruling from *Leone* that plaintiffs can even cite. *Leone* is a case so anomalous in its procedural posture that it has confounded even the plaintiffs' bar. *See NY Securities Class Action Ruling Holds Rare Timing Insights*, LAW360 (Jan. 28, 2026) ("[T]he PSLRA effectively prohibits class certification until after any motion to dismiss has been decided, regardless of how 'other proceedings is construed' . . . [and] [i]t is not immediately clear to what extent the impact of the PSLRA discovery stay was considered in *Leone*.") (authored by attorneys at Labaton Keller Sucharow LLP, a prominent plaintiffs' firm in securities class action litigation).

Plaintiffs' other new authority, *In re Mylan N.V. Sec. Litig.*, No. 16-cv-07926, is even further afield. There, the parties litigated the issue of whether the PSLRA stay would apply upon defendants moving to dismiss plaintiffs' second amended complaint, even though defendants had only been partially successful in moving to dismiss the first amended complaint. (Dkt Nos. 78, 80, 81, 85 (parties' letter briefs).) The court resolved that issue in *defendants'* favor. (Dkt. No. 86 (order holding that "[i]f Defendants move to dismiss *any part* of the amended complaint, discovery will be stayed pursuant to" the PSLRA (emphasis added).) Later, when plaintiffs notified the court of their intent to file a third amended complaint, the parties did not relitigate the issue of the PSLRA stay but instead *reached agreement* on the scope of the stay and the sequence of future proceedings, including an agreement "that discovery relating to class certification, and

class certification briefing, may proceed without delay during the pendency of any motion to dismiss the TAC." (*Id.* Dkt. Nos. 111-112.) The parties have come to no such agreement here.[3]

The Court should apply the plain language of the PSLRA and reject plaintiffs' invitation to err.

Respectfully submitted,

*/s/ William B. Monahan*

William B. Monahan

cc:   Counsel of Record (via ECF)

---

[3]   The remainder of plaintiffs' letter rehashes the same points, sometimes verbatim, from plaintiffs' December 24, 2025 letter (Dkt. No. 112). Defendants responded to those points and accompanying cases in their January 30, 2026 letter (Dkt. No. 116.)