SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 20, 2026

Via ECF

The Honorable Edward R. Korman,
United States District Court for the Eastern District of New York,
225 Cadman Plaza East,
Brooklyn, New York 11201

Re: *Patel* v. *Koninklijke Philips N.V. et al.*, No. 21-cv-4606-ERK-MMH

Dear Judge Korman:

On behalf of defendants Koninklijke Philips N.V. ("KPNV"), Frans van Houten, and Roy Jakobs, we respectfully submit a certified translation of the October 10, 2026 decision of the Enterprise Chamber of the Amsterdam Court of Appeal as supplemental authority in support of defendants' pending motion to dismiss (Dkt. No. 122).

The Dutch proceedings involved allegations against defendants similar to those that plaintiffs assert here. Shareholders of KPNV petitioned the Dutch court to open a formal investigation into the company's handling of the foam-related recall conducted by KPNV's indirect subsidiary, Philips RS North America LLC ("Philips Respironics"). (*See* Ex. A ¶¶ 1.1, 2.1 to 2.15.) The shareholders alleged, among other things, that defendants knew or should have known about the quality issues at Philips Respironics sooner. (*See id.* ¶¶ 5.50 to 5.67.) They also alleged that defendants made false and misleading public statements, specifically identifying several alleged misstatements following, and in connection with, KPNV's disclosure of the foam-related issues on April 26, 2021. (*Id.* ¶¶ 1.1, 4.1, 5.71 to 5.88.) After extensive briefing and a June 2026 argument, the court rejected every one of the shareholders' theories and dismissed their petitions. In doing so, the court rejected the same theories the *Patel* plaintiffs advance here—in particular, plaintiffs' new recklessness theory of scienter, and their misstatement theories concerning KPNV's April 26, 2021 and July 26, 2021 earnings calls.

*First*, the Dutch shareholders argued that defendants either knew or should have known about the foam-related issues at Philips Respironics sooner. (Ex. A ¶¶ 5.54, 5.63.) The shareholders pointed to supposed red flags that should have alerted defendants to the issues before 2020, including FDA warning letters issued to Philips Respironics' Murrysville and Carlsbad facilities in 2011 and 2014. (*Id.* ¶¶ 5.52, 5.54, 5.63.) They also argued that as Philips Respironics began to learn more about the foam issues in the years prior to 2020, KPNV should then have been apprised as well. (*See id.* ¶ 5.63.) The Dutch court rejected all of these theories. For example, the court found that the warning letters failed to demonstrate KPNV knew or should have known of the foam issues sooner, including because those letters were entirely *unrelated* to the foam issues,

and, in any event, those unrelated issues "were adequately handled" by Philips Respironics at the time. (*See id.* ¶ 5.53; *see also id.* ¶ 5.75.) The court likewise found no evidence that Mr. van Houten or Mr. Jakobs learned of the foam issues prior to the end of 2020, and rejected the shareholders' theory that anyone at KPNV, including Mr. van Houten or Mr. Jakobs, should have known of the issues sooner. (*See id.* ¶¶ 5.55 to 5.67; *see, e.g.*, *id.* ¶ 5.60 ("[N]othing in this factual sequence of events" supports the shareholders' position that "KPNV should have been informed of the health risks . . . (significantly) earlier or differently than it was"); *id.* ¶ 5.64 ("All in all, there is no basis for concluding that KPNV should have determined at any of these points in time 'that things were going wrong at Respironics' and that intervention was necessary."); *id.* ¶ 5.67 ("[T]he timing and manner of the response by KPNV[] . . . to the foam-related problems do not constitute well-founded reasons to doubt the proper management or conduct of affairs of KPNV.").) These are among the same theories advanced by the *Patel* plaintiffs as part of their newly minted "recklessness" theory of scienter—and this Court should reject them for the same reasons. (*See* Dkt. No. 122-1, at 22-25; Dkt. No. 122-32, at 2-5.)

*Second*, the Dutch shareholders also challenged many of the same alleged misstatements as the *Patel* plaintiffs, including that Mr. van Houten supposedly provided false or misleading information about, and downplayed, the foam issues during KPNV's April 26, 2021 and July 26, 2021 earnings calls. (Ex. A ¶ 5.71(iv); *see id.* ¶ 5.76.) The Dutch court disagreed. For instance, the shareholders argued that on the April 26 call, Mr. van Houten misleadingly described the foam issue as at a "very early stage" and should have also disclosed the VOC-related issues associated with the foam. (*Id.* ¶¶ 5.71(iv), 5.75.) The court found instead that the company's investigation into potential VOC emissions was still ongoing at that time, and that the FDA had not yet weighed in on Philips Respironics' proposed field action plan. (*Id.* ¶ 5.75.) Nor had the shareholders established why Mr. van Houten's statement during the April 26 call that "we have not seen reports of severe user harm" was inaccurate or misleading, given that the only complaints identified in the Health Hazard Evaluations were headaches, respiratory tract irritation, and coughing. (*See id.*) And the court did not find anything misleading in Mr. van Houten's statement on July 26 that the foam had been in use for ten years "and we never had any issue with it," given the relatively small number of complaints compared with the millions of devices sold. (*Id.* ¶ 5.76.) These conclusions support the same arguments defendants have made in their pending motion to dismiss. (*See* Dkt. No. 122-1, at 18-21; Dkt. No. 122-32, at 8-10.)

Defendants respectfully request that the Court consider this decision of the Amsterdam Court of Appeal in resolving their pending dismissal motion.

Respectfully submitted,

*/s/ William B. Monahan*
William B. Monahan

(Enclosure)

cc: All counsel of record