POMERANTZ LLP

**Emma Gilmore**
Partner

The Honorable Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Patel v. Koninklijke Philips N.V., et al., No. 21-cv-4606-ERK-MMH*

Dear Judge Korman:

We represent Plaintiffs in the above-captioned action and write in response to defendants' October 20, 2026 "Notice of Supplemental Authority" (ECF 132) filed in support of their fully-briefed motion to partially dismiss the operative complaint. ECF 121, 122.

This Court already upheld Plaintiffs' federal securities fraud claims brought under United States laws against Dutch defendants Koninklijke Philips ("Philips") and its former CEO, Frans van Houten, based on misrepresentations about Philips' commitment to and compliance with global applicable laws and regulations (including FDA regulations) and the safety and consumer reception of its devices used to treat sleep and various breathing conditions in millions of people worldwide. ECF 55. After fact discovery ended, Plaintiffs amended their complaint to conform to the evidence, adding more misrepresentations by van Houten and listing Philips' current CEO, Roy Jakobs, as an additional individual defendant. ECF 97-2, 103 (Third Amended Complaint, or "TAC").

Defendants now improperly seek to evade liability based on a Dutch Court decision that expressly acknowledged it did not purport to resolve U.S. federal securities fraud claims. Philips and certain of its executives are currently under criminal and civil investigations by the United States Department of Justice and the United States Securities and Exchange Commission ("SEC") for misconduct that is at the heart of Plaintiffs' claims. TAC ¶¶297. The Dutch decision concluding that a thorough independent investigation of Philips—one of the 10 largest companies in the Netherlands—and its management was not warranted, admittedly by its own language does not serve (nor could it) as a substitute for adjudication of U.S. federal securities laws.

First, controlling Second Circuit prohibits reliance on the Dutch decision to defeat Plaintiffs' securities fraud claims. The Court may take judicial notice of the decision but cannot accept the truth of the disputed factual findings it contains. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A. Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but

egilmore@pomlaw.com
600 Third Avenue, New York, NY 10016 Main: 212.661.1100 Direct: 646.581.9942
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com

rather to establish the fact of such litigation and related filings."); *see also Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 155-57 (2d Cir. 2006) ("although the final determination of March 2005 and Massie's testimony may be public records of which a court may take judicial notice, 'it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion'") (citations omitted). And "defendants [cannot] seriously argue that the [Dutch opinion] was integral to the complaint, as it was issued after this action was initiated and logically could not have been contemplated by, much less integral to, the complaint." *Id*. at 157. Accordingly, this Court cannot resolve factual disputes by adopting contested findings from another proceeding. The Dutch opinion involved findings of fact while Defendants' motion for partial dismissal of the TAC is directed at the sufficiency of Plaintiffs' well-pleaded allegations, which American courts accept as true at the pleading stage, drawing all inferences in Plaintiffs' favor. *Id*. at 154.

Second, by its own terms, the Dutch court specifically acknowledged that it was not its function to determine whether defendants violated applicable disclosure laws. Instead, it recognized that "[w]ith respect to the objection listed under (iv) ["external disclosure obligations"], the Enterprise Chamber emphasizes that it is not for the Enterprise Chamber to decide, in the context of these proceedings, whether KPNV presented an inaccurate or misleading picture in violation of the legislation and regulations applicable to it." ECF 132-1 at 5.73. Instead, the Dutch court was asked to determine whether *sufficient grounds existed to investigate* whether the conduct of Philips' management and its affairs were proper from at least January 2015 until at least late 2026, warranting the adoption of remedial corporate measures. *Id*. at 1.1, 2.1.1, 2.2.1, 2.3.1.

In refusing to order an expansive and independent investigation into defendants' conduct, as requested by Philips' shareholders, the Dutch court applied a Dutch corporate-governance framework highly deferential to Philips and its executives, largely accepted management's flimsy explanations, and discounted or failed to note—let alone analyze—damning evidence that Plaintiffs in this case have gained through discovery, including through documentary evidence and depositions of Philips' former employees. To highlight just a few examples, the Dutch court failed to note and disregarded that:[1]

[redacted]

---

[1] It is unclear whether the Dutch Court was presented with this highly incriminating evidence.

[redacted]

[redacted]

- [redacted] In public filings with the SEC and on earnings calls with U.S. analysts just days later, on April 20, 2020, however, van Houten falsely represented that the E30 ventilator "is safe and suitable for critical care."

- During an earnings call with U.S. analysts held on April 26, 2021, van Houten lied when he represented that "I want to assure everybody on the call that the [DreamStation] device is safe to be continued to use to the best of our knowledge at this time." ¶479. In response to an analyst's questions, van Houten doubled-down, insisting that "it's still, to our knowledge, safe to use the machines while we are going about preparing and executing this field action." ¶481. [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

egilmore@pomlaw.com
600 Third Avenue, New York, NY 10016 Main: 212.661.1100 Direct: 646.581.9942
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com

The Honorable Edward R. Korman Page 5

[redacted]

[redacted]

- As of September 30, 2023, according to the latest update from the FDA, there have been 561 reported deaths connected to the Devices. ¶221.

The Dutch court's decision is clearly not a finding that Philips and its executives told investors the truth and complied with the U.S. federal securities laws. Indeed, it is not the Dutch court, but a United States jury that ultimately will be tasked with considering, analyzing, and weighing the disputed facts (among copious other evidence adverse to defendants) as well as assessing the credibility of the individual defendants in determining whether they violated the U.S. federal securities laws.

For the reasons set forth in Plaintiffs' opposition to the motion to partially dismiss the TAC, Defendants' motion should be denied in its entirety.

Respectfully submitted,

*Emma Gilmore*
Emma Gilmore

Cc: All counsel of record

egilmore@pomlaw.com
600 Third Avenue, New York, NY 10016 Main: 212.661.1100 Direct: 646.581.9942
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com