SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 30, 2026

Via ECF

The Honorable Edward R. Korman,
United States District Court for the Eastern District of New York,
225 Cadman Plaza East,
Brooklyn, New York 11201

Re: *Patel* v. *Koninklijke Philips N.V. et al.*, No. 21-cv-4606-ERK-MMH

Dear Judge Korman:

We write on behalf of defendants in response to plaintiffs' October 27 letter. (Dkt. No. 134.)

Tellingly, plaintiffs do not dispute that the Amsterdam Court of Appeal's Enterprise Chamber considered—and rejected—many of the same theories, including alleged misstatements, as plaintiffs advance here. Plaintiffs are reduced to erecting a strawman by arguing that the Court cannot "accept the truth of the disputed factual findings" made by the Dutch court. But defendants are not submitting any "factual findings" as true. The Dutch court considered the shareholders' recklessness theories and theories related to the adequacy of Philips' SEC disclosures, and rejected those theories for the *same* reasons advanced by defendants in their motion to dismiss in this action. As a result, the Dutch decision provides persuasive authority supporting defendants' pending dismissal motion. Plaintiffs' attempted distinction—that the Dutch court was deciding whether to order an investigation, instead of assessing an alleged violation of the U.S. securities laws—does not help them because, just as in this action, the court was assessing whether there were "serious grounds to believe" that Philips had made "misleading, inaccurate, or overly optimistic statements." (Dkt. No. 132-1, at ¶ 5.71.)

The two cases cited by plaintiffs concerning the limits of judicial notice are inapplicable here. One involved a district court's reliance on a "statement[] of fact" from a prior decision "to establish prevailing trademark search practices" as a fact at trial. *Int'l Star Class Yacht Racing Ass'n* v. *Tommy Hilfiger*, 146 F.3d 66, 70 (2d Cir. 1998). The other involved a district court's extensive reliance on facts that contradicted plaintiffs' complaint drawn from, among other places, trial testimony from an unrelated criminal proceeding. *Global Network Comms.* v. *City of New York*, 458 F.3d 150, 156-58 (2d Cir. 2006). Defendants are not asking the Court to adopt factual findings—they are pointing out the significant similarities between arguments raised by the parties in this action and in the Dutch action and asking the Court to consider the Dutch court's reasoning addressing those similar arguments.

Finally, the list of allegations plaintiffs include in their letter adds nothing. Defendants have already explained why the allegations in the Third Amended Complaint, coupled with the documents incorporated by reference therein, fail to state a claim, particularly under the heightened pleading requirements of the PSLRA and Rule 9(b) and particularly given that plaintiffs completed fact discovery before filing their Third Amended Complaint. (*See* Dkt. Nos. 122-1, 122-32.)

Respectfully submitted,

*/s/ William B. Monahan*
William B. Monahan

cc: All counsel of record